GARNER v. GRAVES, ADMINISTRATOR.

DECEDENT'S ESTATE.—*Husband and Wife.—Wife's Separate Property.—Suit by Administrator.—Action to Recover Personal Property.*—The administrator of a deceased person's estate sued another to recover the possession of certain promissory notes alleged to be the property of such estate. From the evidence given upon the trial of such cause it appeared that during deceased's lifetime he caused a third person, the owner of certain personal property, to convey an interest in the same to his wife, the defendant paying for the same; that she and her husband subsequently sold such property to a purchaser, who, without her knowledge or consent, executed the notes in controversy to her husband, for the unpaid purchase-money on such sale; and that the defendant held such notes as the agent of the widow of decedent, who claimed the same as her own property. There was no evidence of any indebtedness against such estate, nor as to how the defendant obtained possession of such notes.

*Held*, that the title to such notes is in such widow, as against the plaintiff.

EVIDENCE.—*Declarations of Deceased Vendor.—Impeaching Vendee's Title.—Suit by Administrator.*—On the trial of a suit by an administrator to recover of the vendee personal property alleged to have been conveyed to him by plaintiff's decedent to defraud his creditors, declarations of such decedent as to the character of such sale, made subsequently to its completion, are not admissible in evidence to impeach such vendee's title to such property.

SALE.—*Transfer of Property to Defraud Creditors.—Action to Recover.—Suit by Vendor's Administrator.*—A transfer of property by a debtor to defraud his creditors is binding upon such debtor, and, on his decease, his administrator is likewise bound by such transfer and can not recover the possession of such property.

HUSBAND AND WIFE.—*Gift by Husband to Wife.—Can not be Revoked.*—An executed gift by a husband to his wife can not be revoked by him.

Garner v. Graves, Administrator.

From the Marion Circuit Court.

C. W. *Smith* and *R. O. Hawkins*, for appellant.

C. P. *Jacobs* and *E. H. Terrell*, for appellee.

PERKINS, J.—The appellee, Graves, administrator upon the estate of William J. Woollen, deceased, caused Horatio S. Garner, the appellant, to be cited to appear in the Marion circuit court and answer as to certain property, alleged to be in his possession, belonging to the estate of said William J. Woollen, deceased.

Garner answered,

1. General denial.

2. That he had no property in his possession belonging to the estate of said Woollen, but that he had certain promissory notes and other articles of personal property, which were the property of Anna S. Woollen, widow of the deceased Woollen, and which he, said Garner, held as her agent or bailee.

The cause was tried upon the citation and answer; finding by the court that the articles of property were property belonging to said estate, and that they be delivered to the administrator.

We will state, as briefly as may be, the facts on which the questions to be decided arise.

In the spring of 1873, the deceased, William J. Woollen, then in life, negotiated the purchase of an interest in the. stock of a livery-stable in the city of Indianapolis, the title to which was transferred by the seller, one Holloway, pursuant to the contract of purchase, by bill of sale, directly to Anna S. Woollen, above mentioned, and the purchase-money was furnished by Horatio S. Garner and L. W. Garner, brothers of said Anna S. Woollen. In October, 1873, the interest in the stock in the livery-stable was sold to David V. Miller, evidenced by a written instrument, of which the following is a copy, viz.:

"INDIANAPOLIS, INDIANA, October 6th, 1873.

"This indenture witnesseth that I have this day sold

to David V. Miller my one-half interest in and to the livery-stable known as Nos. 270, 272 and 274, West Washington street, in the city of Indianapolis, on lot No. ——, out-lot No. ——, for the consideration of ($2,500.00) twenty-five hundred dollars, to be paid as follows: .

"One lot in——Addition to the city of Indianapolis,

| | |
|---|---:|
| Ind., . . . . . . . . . | $500. |
| "Cash within thirty days, . . . . . | 500. |
| "Cash in six months, . . . . . . | 500. |
| "Cash in twelve months, . . . . . | 600. |
| "Cash in twenty months, . . . . . | 400. |

$2,500.

"Anna S. Woollen.

"W. J. Woollen."

Notes were given for these payments. They were drawn, without direction from said Anna, payable to William J. Woollen. He was very feeble at the time of the sale and died the next day.

These notes, or the greater part of them, are in the possession of the appellant, Garner, being those he was ordered to deliver to Graves, the administrator of W. J. Woollen's estate, and which he claims to hold for and as the property of said Anna S. Woollen. Said Anna, as a witness in the cause, testified that the interest in the livery-stable, on the sale of which the notes were received, was hers, and that these notes, given for the consideration of such sale of her property, were hers.

The appellee, the administrator, claims that the means advanced for the purchase of the interest in the stable, by the Garner brothers, were derived from property that had been fraudulently conveyed and transferred to them in his lifetime, by said Wm. J. Woollen, and were, therefore, in reality, his, and that the interest in the livery-stable was, consequently, his, though in his wife's name.

There is no evidence in the record, or allegation in the citation, upon the point as to how or when the defendant,

Garner *v.* Graves, Administrator.

Garner, came into possession of the notes and other items of property.

There is no evidence in the record, or allegation in the citation, that said Woollen left, at his death, a single creditor, unless the appellee, Garner, might be so considered; but we think he can not, for he states in his answer, that, at the time of the purchase of the interest in the livery-stable, he told said Wm. J. Woollen, who was then owing him, that he would not only not press the payment of 'what he, Woollen, owed him, but would furnish means to purchase the interest in the stable, if he, Woollen, would have it conveyed to said Anna S. Woollen, the sister of said Garner; that it was agreed that it should be so done, and that it was so done; and, says Garner, in his answer to the citation, " Your respondent shows to the court, that, in accordance with the said agreement, he did advance means for the purchase of said livery-stable, and did forbear to claim the money due him from said Woollen," etc.   But if there are creditors, no one appears to have filed against the estate.

On the trial, this question was asked a witness by the attorney of the administrator, viz.:

"What did Woollen, in his lifetime, tell you about his property, or what he had done with it?"

Answer.  "Woollen told me that he had put his personal property into the hands of H. S. Garner, and his real estate into the hands of L. W. Garner, for the purpose of preventing the collection of a security debt, when he had signed a note as security for another man."

Proper exceptions were taken to the above question and answer.  A motion for a new trial was made and overruled.  Proper exceptions were taken below, and errors are assigned, which present the question to this court.

Three legal propositions are firmly established in this state, viz.:

First.  That the declarations of a seller or grantor of

property, made after he has parted with his title, are not admissible in evidence to impeach the title of any one claiming under him. *Kieth* v. *Kerr*, 17 Ind. 284; *Wynne* v. *Glidewell*, 17 Ind. 446.

Second. That a sale or conveyance of property, to hinder or delay creditors, is illegal as to creditors only; that as between the parties, and as to all others than creditors, it is legal and valid. *Springer* v. *Drosch*, 32 Ind. 486; *Findley* v. *Cooley*, 1 Blackf. 2d ed., 261; *Laney* v. *Laney*, 2 Ind. 196; *O'Neil* v. *Chandler*, 42 Ind. 471.

Third. That an executed gift by a husband to his wife, it is not in his power to revoke. *Raymond* v. *Pritchard*, 24 Ind. 318; *Rinker* v. *Rinker*, 20 Ind. 185.

From the facts of the case and the principles of law which have been stated, it is plain that the property in the livery stable, at the time of its sale to Miller, was in Mrs. Woollen, as against her husband and all others, except creditors. This being so, we think the notes taken for the purchase-money of the stable, though payable (but without the knowledge, so far as appears, of Mrs. Woollen,) to William J. Woollen, are, prima facie, equitably the property of Anna S. Woollen; that the beneficial interest in them is in her. *Talbott* v. *Dennis*, 1 Ind. 471.

Now, in this case, the administrator upon the estate of Woollen can recover only such property as the deceased, Woollen, could recover, were he living. The rights of the administrator, since Woollen's death, are not greater, as to the notes in question, than were those of Woollen, while living; and as he could not have legally claimed them, upon the facts appearing in the record, neither can his administrator.

We think the court erred in admitting evidence of the declarations of Woollen, made after he had parted with the title, tending to impeach the title he had conveyed.

We also think the judgment below, as to the notes in question, is not sustained by the evidence.

As to the other items of property, mentioned in the

citation as belonging to the estate, the record is too vague to enable us to form any opinion, as to whether they belong to the estate of Woollen or not. In *Bearss* v. *Montgomery*, 46 Ind. 544, this court held, that property, conceded to belong to the estate of the deceased, which may be in their possession under a proper division among themselves, can not be recovered from the heirs by the administrator, unless there are demands against the estate which the property is necessary to enable him to pay. If such is the law as to property which the deceased had never disposed of, when in the hands of the heirs, much less could the administrator, without showing the existence of creditors, recover property that the deceased had conveyed in his lifetime. It is well settled, that creditors may recover property conveyed by the debtor in his lifetime to defraud his creditors. *Barton* v. *Bryant*, 2 Ind. 189; *McNaughtin* v. *Lamb*, 2 Ind. 642; *O'Brien* v. *Coulter*, 2 Blackf. 421; *McCormick* v. *Hyatt*, 33 Ind. 546; *Ewing* v. *Patterson*, 35 Ind. 326. The administrator may take such proceedings when necessary to pay debts. *Love* v. *Mikals*, 11 Ind. 227.

The judgment is reversed, with costs, and cause remanded for further proceedings in accordance with this opinion.