## TEDROWE ET AL. *v.* ESHER.

| | |
|---|---|
| 56 | 443 |
| 136 | 607 |
| 56 | 443 |
| 140 | 496 |
| 56 | 443 |
| 145 | 168 |

DEPOSITION.—*Motion to Suppress.*—*Refusal of Deponent to Answer.*—The refusal of a witness, whose deposition is being taken, to answer certain questions put to him, is not ground for suppressing such deposition, where such witness subsequently, in such deposition, answered all of such questions as were material.

SAME.—*Commissioner.*—*Official Character.*—The want of a certificate of the official character of a commissioner, appointed by the Governor of this State, before whom a deposition is taken, is not ground for suppressing it.

SAME.—*Certificate.*—*Officer.*—*Presumption.*—The official certificate of such commissioner, purporting to be under his hand and seal, attached to such deposition, is presumptive evidence of his official character.

EVIDENCE.—*Fraudulent Conveyance.*—*Action to Set Aside.*—*Impeaching Grantee's Title.*—*Declarations of Grantor.*—On the trial of an action against the grantor and grantee, by a creditor of the former, to set aside an alleged fraudulent conveyance of real estate and subject the same to the payment of plaintiff's claim, if there be evidence that such conveyance was made in pursuance of a conspiracy between the grantor and grantee to defraud the creditors of the former, then evidence is admissible of the declarations of the grantor, impeaching the title of the grantee, made whilst the grantor remained in possession of such real estate, though after such conveyance and in the absence of the grantee.

SAME.—In such action, the fact that the grantor, after making such conveyance, remains in possession of such real estate, is a circumstance tending to establish such fraud.

PRACTICE.—*Exclusion of Evidence.*—*Supreme Court.*—The matter intended to be elicited by a question put to a witness, and excluded by the court,

must then and there be stated to the court, to render such exclusion available as error on appeal to the Supreme Court.

From the Marion Superior Court.

*C. W. Smith, R. O. Hawkins* and *C. H. Remy,* for appellants.

*F. M. Finch* and *J. A. Finch,* for appellee.

PERKINS, C. J.—The appellee, Esher, sued the administratrix of George W. Lewis, deceased, on a promissory note, executed by the latter in his lifetime. He made David F. Tedrowe, the grantee of real estate conveyed to him by George W. Lewis in the lifetime of said Lewis, a codefendant, alleging as a cause of action against him, that said real estate was conveyed to him by said Lewis, to defraud the creditors of the latter, and that said Tedrowe was cognizant of the fact, and received the conveyance, to aid Lewis in the perpetration of the fraud.

Tedrowe answered in denial. The cause was tried by jury. The appellee obtained judgment, over a motion for a new trial, upon a verdict against the administratrix, on the note, and that the real estate conveyed to Tedrowe by Lewis be subjected to the payment of the judgment.

The administratrix declined to join in the appeal, and it is prosecuted by Tedrowe alone.

He assigns for error the overruling of his motion for a new trial.

The grounds of his motion were:

1st. The overruling of his motion to suppress the deposition of one Esher;

2d. The overruling of his motion to strike out part of the answer of said Esher to interrogatory number five, contained in his deposition;

3d. The permitting of one McCoy to testify to conversations with the decedent;

4th. The refusing to allow one Joseph Tedrowe to testify as to certain matters;

5th. The verdict was unsustained by, and was contrary to, the evidence; and,

6th. The giving of instructions asked by plaintiff to the jury.

The motion to suppress the deposition of Esher was based upon two grounds:

1. That he refused to answer certain questions; and,

2. Because there was no certificate of the official character of the commissioner, before whom the deposition was taken.

The first ground of objection was removed by the deponent subsequently answering the questions, so far as they were material. The second ground was untenable. The statute provides, (1 R. S. 1876, p. 358, sec. 3,) that the commissioners appointed by the Governor, under the act of May 31st, 1852, may take acknowledgments of deeds, depositions and affidavits. "But such depositions or acknowledgments shall not be valid unless attested by the official seal of such commissioner. But when so attested they shall have the same force and effect as if taken before a notary public in this State."

"The official certificate of a notary public, attested by his seal, shall be presumptive evidence of the facts therein stated, in cases where by law he is authorized to certify such facts." 1 R. S. 1876, p. 635, sec. 6. And, in 2 R. S. 1876, p. 149, sec. 281, it is declared, that such certificate, "purporting to be the official act of a notary public," and "purporting to be under" his seal and signature, shall be "presumptive evidence of the official character of such instrument," etc.

The court permitted testimony to go to the jury of declarations and admissions of the grantor, made after he had parted with his title, tending to impeach the title of his grantee. As a general rule, such testimony is inadmissible. *Garner* v. *Graves*, 54 Ind. 188. There is one exception, viz., where there is a conspiracy or common purpose, on the part of the grantor and grantee in such

conveyance, to defraud a third person.　*The Boone County Bank* v. *Wallace,* 18 Ind. 82; *Caldwell* v. *Williams,* 1 Ind. 405. These are cases that would seem to hold, that where the grantor remains in possession after he has conveyed his title to the grantee, the declarations of such grantor, made while so in possession, are admissible, simply on the ground of such possession, to impeach the title of his grantee. But we think they are not, on the ground of such possession alone, admissible to impeach the grantee's title. We concede they are, in such case, admissible for some purposes, but not to impeach the grantee's title.

They are admissible in derogation of the title of the possessor, as where he admits he is not the owner, but holds under another person, thus explaining his possession. *Doe* v. *Evans,* 8 Blackf. 322. And, for such purpose, the declarations of the possessor are always admissible.

In *Abney* v. *Kingsland & Co.,* 10 Ala. 355, COLLIER, C. J., says: "It has been often held, that what a person in possession of real or personal estate says, in respect to the same, are [is] admissible as part of the *res gestæ.* But in *McBride* v. *Thompson,* 8 Ala. 650, we said, 'it is not to be understood that such declarations are admissible to every conceivable extent.' That 'the affirmation of the party in possession, that he held in his own right, or under another, is proper evidence as part of the *res gestæ,* which *res.gestæ* is his continuous possession; but his declarations beyond this, are no part of the subject-matter or thing done, and can not be received as such.'"

The foregoing decision is amply supported by the elaborate case of *Christopher* v. *Covington,* 2 B. Monroe, 357, in which ROBERTSON, C. J., delivers the opinion, and we think the decision is right on principle. See Bump on Fraudulent Conveyances, 2d ed., pp. 570-571.

The fact that the grantor remains in possession is a circumstance tending to show fraud, but it does not, of itself alone, establish a conspiracy or combination between the

grantor and grantee to defraud, so as to let in, as evidence, the declarations of the grantor, made after he has parted with his title, and in the absence of the grantee, impeaching the grantor's title. *Christopher* v. *Covington*, 2 B. Monroe, 357. Such being the case, it becomes necessary that we examine the evidence in the case before us, to ascertain whether it established the fact of fraudulent combination between the grantor and grantee.

As matter of practice in such a case as this, the court should not rule upon the admissibility of testimony such as was admitted and objected to in this case, till the other evidence in the case is in, that the court may make its ruling with knowledge whether a fraudulent combination is proved or not; but here the court did make its ruling before all of the evidence was heard. Still, if that evidence, when in, would sustain the ruling, it should not be held erroneous on appeal. We think the evidence sustains the ruling. We shall not set it out in full in this opinion. David F. Tedrowe, the grantee, was the father-in-law of Lewis, the grantor. Joseph Tedrowe, the son of David, nominally purchased the property, but had it conveyed to his father, because Lewis, the grantor, had more confidence in him. There was no change of possession, and the deed does not appear to have been recorded. Joseph's account of the purchase, and of the terms of it, etc., is confused and unsatisfactory. The Tedrowes knew all about the pecuniary condition of Lewis, who was much embarrassed, indeed insolvent. See *Caldwell* v. *Williams, supra.* These are some of the leading facts tending to show a common purpose.

Another point: Joseph Tedrowe testified, says the bill of exceptions, thus:

"I did'nt suppose that Lewis had any money at the time of the sale of goods by Esher to him, is the reason I said I supposed he got them on credit."

Witness was then asked the following question:

"State what information, if any, you had, which led you

to form an opinion as to how the property sold by Esher to Lewis came into Lewis' possession? To which question the plaintiff objected, which objection the court sustained, to which ruling of the court the defendant, at the time, excepted."

If the witness had no such information, it is very evident no harm resulted from the action of the court. The record should have contained the statement, that it was shown to the court that the witness had information on the subject. The Toledo, etc., R. W. Co. v. Goddard, 25 Ind. 185, on page 191.

The witness might first have been asked the question, whether he had such information.

On the evidence, an appellate court could not disturb the judgment.

There are no instructions in the record.

The judgment is affirmed, with costs.