## Meyer et al. *v.* Bell.

EVIDENCE.—*Statements of Third Person.—Hearsay.—Admission.*—In an action to recover for the value of certain chattels delivered by the plaintiff to the defendant, to be sold on commission, which had been sold by the latter and converted to his own use, a statement made by a third person, to the plaintiff, in the absence of the defendant, that the latter had said to such third person that he would pay a certain price for such chattels, is hearsay and incompetent.

From the Vanderburgh Circuit Court.

*W. F. Smith* and *A. Dyer*, for appellants.

*J. S. Buchanan, H. C. Gooding* and *C. Buchanan,* for appellee.

PERKINS, J.—" This was an action by Henry Bell, against Jacob Meyer and Michael Meyer.

" The first paragraph of the complaint alleges that the plaintiff had delivered to the defendants a large lot of cedar posts, to be sold on commission, and that the defendants had sold the posts and received fifteen hundred dollars therefor, and that, although often demanded, they had failed and refused to account for the proceeds.

" The second paragraph alleges, that they had received the posts, to be sold on commission, and had converted the

same to their own use. The defendants answer a general denial, a special denial of any demand, and allege that they have fully accounted to the plaintiff, except as to a small sum which they bring into court.

"Trial; verdict for the plaintiff in the sum of four hundred and eighty-seven dollars. Motion for a new trial overruled, and judgment on the verdict. The motion for a new trial assigns, for cause, error of the court in admitting in evidence, over the objection of the defendants, that part of the testimony of the plaintiff which consisted of a conversation between the plaintiff and John Travis, held and spoken in the absence of the defendants. The motion also assigns, for cause, the insufficiency of the evidence to sustain the verdict. The evidence is all in the record.

"During the trial the plaintiff was permitted to testify as follows: .

"'Before this, I had employed John Travis to sell them' (the posts). 'He had spoken to me of the Meyers, who had agreed to take a few. Travis said the Meyers were to give thirty cents for the short posts and seventy cents for the long posts.'

"The defendant duly objected to the evidence as hearsay, irrelevant and incompetent, and, being admitted over these objections, the ruling was excepted to at the time."

We take the above statement of the case from the brief of appellants.

We take the following from the brief of the appellee:

"The statement of the issues in appellants' abstract is all that is necessary to enable the court to determine the questions raised in this case.

"The first objection urged by appellants is the statement of appellee while giving his evidence on the trial of the cause; and this is the statement objected to: 'Before this I had employed John Travis to sell the

posts. He had spoken to one of the Meyers, who had agreed to take a few. Travis said the Meyers had agreed to give thirty cents for the short posts, and seventy cents for the long posts.' This, it is claimed, was hearsay evidence, and the court erred in letting it go to the jury.

" In answer to this, we submit that this evidence was harmless, and tended to prove no issue made by the parties on the trial of the cause."

It is assigned for error that the court overruled the motion for a new trial.

One of the causes assigned for a new trial was, that the circuit court permitted the appellee Bell to testify to the statement of Travis, that " the Meyers were to give thirty cents for the short and seventy cents for the long posts."

This testimony was hearsay, inadmissible, and the court erred in allowing it to go to the jury. But it is claimed that the error was a harmless one. Can this court so decide ?

The main question in controversy on the trial of the cause was the value of the posts ; Bell, the appellee, insisting that the short posts were worth forty cents apiece, and the long ones seventy-five, while the appellants insisted that the short posts were worth no more than twenty-five cents apiece, and the long ones no more than forty or fifty cents apiece.

There was great conflict in the evidence on this point.

Now, it is easy to see that, if the Meyers had told Travis that they would give thirty cents for the short posts and seventy cents for the long ones, it might have been regarded by the jury as an indirect admission by them that the posts were each worth the sum stated. If Travis, the proper person to testify to the fact if it existed, had done so, it might naturally have had a large influence upon the jury. The permission by the court, to a third person, to testify to a hearsay statement of the fact, would authorize

the jury to give weight to the statement as legal evidence. Under the circumstances surrounding this case, we can not say the error in admitting the testimony in question was a harmless one.

No other question in the case requires the expression of an opinion.

The judgment is reversed, with costs; cause remanded for a new trial.