Kennedy *v*. Divine.

———————•◆•———————

No. 8236.

KENNEDY *v*. DIVINE.

APPEAL.—*Notice.—Parties.—Practice.*—Parties to an action need not be notified of an appeal unless they are parties to the judgment from which the appeal is taken.

PRACTICE.—*Bill of Exceptions.—Evidence.*—Where the bill of exceptions recites that "the above was all the evidence that was introduced on the trial," it is sufficient.

FRAUDULENT CONVEYANCE.—*Statements of Grantor.—Evidence.—Conspiracy.*—Statements made by a grantor after he has parted with his title, tending to impeach his grantee's title, are inadmissible, as a general rule; but, if a conspiracy to defraud the creditors of the grantor is first shown to exist, the statements are admissible.

From the White Circuit Court.

*J. Wallace* and *D. B. McConnell*, for appellant.

*A. W. Reynolds* and *E. W. Sellers*, for appellee.

BEST, C.—The appellee brought this suit against the appellant, Martin V. and Emeline O. Reed, to set aside, as fraudulent, certain conveyances. It was averred that Martin V. Reed, on the 6th day of February, 1877, was indebted to the appellee, and on the 15th day of July, 1877, the appellee recovered a judgment against him in the circuit court of Kane county, Illinois, for $906.67 ; that on the 6th day of February, 1877, said Martin V. purchased, and caused to be conveyed to his wife, Emeline O., the land in the complaint described, without consideration, and for the purpose of defrauding the appellee ; that said Emeline accepted such conveyance with notice of such fact, and, in furtherance of such purpose, on the 5th day of March, 1877, conveyed said land to the appellant without any consideration ; that appellant took said deed for the purpose of enabling Martin V. to defraud the appellee, and that said Martin V., at the time he caused said land to be so conveyed, did not have, nor has he since had, any other property subject to execution.

The defendants named being non-residents of the State, notice was given by publication. Subsequently, judgment was rendered against all the defendants by default. Afterward the judgment, on motion, was set aside as to the appellant, and he answered by a general denial.

The issue thus formed was submitted to a jury, and a verdict returned for the appellee. Over a motion for a new trial, judgment was rendered upon the verdict. From this

judgment the appellant appeals, and assigns various errors, among others, that the court erred in overruling his motion for a new trial.

The reasons embraced in this motion, and urged upon us for a reversal, are the following :

1st. The verdict is not sustained by sufficient evidence ; and,

2d. The court erred in admitting in evidence the testimony of Hannibal McCloud and Richard D. Divine, as to the declarations made by Martin V. Reed, after the deed to Kennedy had been delivered.

The appellee moves to dismiss the appeal because Martin V. and Emeline O. Reed have not been notified of this appeal. They are not co-parties to the judgment from which this appeal is taken, and, therefore, need not be notified. *Hadley* v. *Hill*, 73 Ind. 442.

The appellee suggests that the bill of exceptions does not show that the evidence is in the record. The bill concludes thus : "The above is all the evidence that was introduced on the trial ;" and it is insisted that this statement is not sufficient. We think otherwise. The word "introduced," as used, is synonymous with the word "given," and, when so read, the statement is sufficient.

The conclusion we have reached upon the last reason assigned for a new trial renders it unnecessary for us to pass upon the first.

The land in dispute was known as the "West farm," and the appellee, to make out his case, called Hannibal McCloud. After the witness had testified that he had seen Martin V. Reed at the "West farm" in October, 1877, the appellee propounded to him the following question : "What, if anything, did he say about trading or selling his farm— the 'West farm?'" To this question the appellant objected, because it called for a statement made by Reed after he had conveyed the land. Upon the statement that the

appellee would connect the appellant with knowledge of the fact, the court overruled the objection, to which an exception was reserved. The witness answered: "He said he wanted to sell his farm, meaning the 'West farm.'"

The appellee did not connect appellant with the statement, nor show that he had any knowledge of it. He was not present, nor did he authorize it made. The substance of this statement was, that Reed owned the land after his conveyance, and its tendency was to impeach his grantee's title. This can not be done. The general rule is, that statements made by a grantor, after he has parted with his title, tending to impeach his grantee's title, are inadmissible. *Garner* v. *Graves*, 54 Ind. 188 ; *Tedrowe* v. *Esher*, 56 Ind. 443. There is an exception to the rule, where the grantor and grantee conspire together to defraud third persons, and in such case the statement of either is admissible against the other. *Caldwell* v. *Williams*, 1 Ind. 405 ; *Tedrowe* v. *Esher*, 56 Ind. 443. In such case the conspiracy must be made out before the statement is admissible. This was not done.

We have examined the evidence carefully, and, without expressing an opinion upon its sufficiency, must say that it does not bring the case within the exception, and, therefore, the admission of the testimony was such an error as requires a reversal of the judgment.

PER CURIAM.—It is, therefore, ordered upon the foregoing opinion, that the judgment be, and it is hereby, in all things, reversed, at appellee's costs.