No. 9273.

### BRISTOR v. BRISTOR, ADMINISTRATRIX.

EVIDENCE.—*Declarations.*—*Decedents' Estates.*—In an action against an administrator, the declarations of the intestate, in his own favor, made in the absence of the plaintiff, are not admissible in evidence on behalf of the estate.

Bristor *v.* Bristor, Administratrix.

SAME.—*Supreme Court.*—*Practice.*—When a case has been tried and decided upon a given theory, and material error committed in the admission of evidence, the Supreme Court will not consider whether, upon another theory, the decision might be upheld, unless the conclusion is clear.

From the Marion Circuit Court.

*H. J. Milligan,* for appellant.

*L. Ritter* and *E. F. Ritter,* for appellee.

Woods, J.—The appellant is administratrix of the estate of her deceased husband. She filed against said estate a claim; whereupon a son and daughter of the deceased and herself, who besides her, are the only heirs, were permitted by the court to appear and resist the claim. They accordingly filed an answer of general denial and of the six years' limitation.

Trial by the court, which found for the defendants and gave judgment accordingly.

The appellant insists, and it clearly appears, that the court erred in overruling her motion for a new trial.

The appellant gave evidence tending to show—though whether sufficient we do not decide—that certain real estate which in 1843 had been conveyed to her and her deceased husband jointly, the title having so stood until the death of the husband, was in fact her separate and individual property, and was so acknowledged and treated by the deceased, and that of the rents of that property the deceased had collected and used large sums, for which he was indebted to her at his death.

For the purpose of rebutting this evidence, the defendants —the children aforesaid acting as defendants—were permitted to testify and to introduce the testimony of other witnesses, concerning conversations had with the deceased, and concerning his declarations, made in the absence of the plaintiff.

This testimony was clearly incompetent. The declarations of the deceased were no more admissible than they would have been if the suit had been instituted against him personally while in life. A party's declarations are competent evidence

against him or his representatives, but can not be adduced by or in favor of either.

Whether the children, who appeared to resist the claim, were competent to testify in relation to matters which occurred before the intestate's death, it does not appear to be necessary to decide, as there is nothing in their testimony which has a material bearing and which it was competent to prove by any witness.

It is urged by the appellee that the error in admitting improper evidence is immaterial and harmless, because the evidence adduced in favor of the appellant fails entirely to make out a case on which she was entitled to recover anything. We can not, however, as at present advised, say that that is so, and are not content to affirm the judgment on that ground, nor do we care to anticipate the questions which may arise on another trial by entering upon a present consideration of them.

The judgment is reversed, with costs, and with instructions to grant a new trial.