No. 9927.

## SOMERS *v.* SOMERS ET AL.

EVIDENCE.—*Hearsay.*—*Title to Personal Property.*—In an action by A. against B. to try the title to property levied upon as the property of C., to satisfy a judgment recovered against C. by B., it is error to allow B. to prove that C., who was not a party to the suit, claimed the property, as such statement, in the absence of A., was mere hearsay.

From the Marshall Circuit Court.

*W. B. Hess,* for appellant.

*M. A. O. Packard* and *O. M. Packard,* for appellees.

BEST, C.—Isaac Somers recovered a judgment against one Joshua Somers before a justice of the peace, and caused execution to issue thereon, with which Enoch F. Powers, constable,

levied upon certain personal property as the goods of Joshua Somers. The appellant claimed the property, and brought this action before said justice to try the title to such property. The cause was tried before the justice, appealed to the circuit court, there tried, a finding made, and, over a motion for a new trial, judgment was rendered for the appellees.

The appellant assigns as error the order of the court in overruling the motion for a new trial. Among the reasons embraced in the motion for a new trial, it was insisted that the court erred in allowing the appellees to prove that Joshua Somers claimed to be the owner of the property.

Joshua Somers had owned the property, but the appellant claimed that she purchased it of him in February, 1879, more than a year before the rendition of the judgment, and offered testimony tending to establish this fact. The appellees then called a witness who, over the objection of appellant, was permitted to state that Joshua Somers " claimed " the property until about the time the cause was tried before the justice. This was error. Joshua Somers was not a party to the action, and his statements were not admissible in evidence against the appellant. They were not made in the appellant's presence, and were mere hearsay. *Meyer* v. *Bell*, 65 Ind. 83; *Kennedy* v. *Divine*, 77 Ind. 490.

This claim was not a statement in disparagement of his title, and, therefore, was not admissible on that ground. In addition to this, the statement itself was not given, but merely the substance of what was said. This was wrong, and as we can not say that this testimony did not injure the appellant, its admission must reverse the case.

This conclusion renders it unnecessary to determine whether the finding was supported by the evidence, and upon that question we express no opinion.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things reversed, at the appellees' costs, with instructions to grant a new trial.