9956.

## KUHNS *v.* GATES.

VERDICT.—*Interrogatories.*—The answers of the jury to interrogatories will not overrule the general verdict, unless they can not be reconciled with it on any reasonable hypothesis.

REPLEVIN.—*Demand.*—Where one purchases personal property in good faith from one not the owner, a demand must precede a suit against him in replevin; but it is otherwise when he purchases with notice of the facts.

CONTRACT.—*Statute of Frauds.*—*Delivery.*—Where A. and B. orally agree to exchange horses, subject to C.'s approval, and A. delivers his horse to B., the delivery takes the case out of the statute of frauds, and when C. ratifies the contract B. gets title to the horse so delivered.

SAME.—*Rescission.*—*Evidence.*—*Estoppel.*—After exchanging horses with B., A. wrongfully took possession of the horse which he had exchanged, whereupon B. sued A. for feeding and care of the horse, but dismissed his suit before trial.

*Held*, that this was not conclusive evidence of B.'s assent to a rescission of the contract, nor did it work an estoppel.

SAME.—*Sunday.*—A contract made on Sunday and ratified on a secular day is valid.

BILL OF EXCEPTIONS.—*Supreme Court.*—Where there are two bills of exceptions, neither of which singly is sufficient to save a question for the Supreme Court, but taken together there is enough, the question will be regarded as in the record.

EVIDENCE.—*Declarations of Third Person.*—Where, in replevin, a party claims by purchase from a third person, the declarations of that person while in possession are proper evidence against his vendee.

SAME.—*Intention.*—*Res Gestæ.*—Where the intention with which an act was done is immaterial, proof of the intention may be rejected; but declarations of a party at the time he does an act are part of the *res gestæ* and admissible.

INSTRUCTIONS.—*Harmless Error.*—The refusal of a correct instruction is a harmless error, where it appears by answers of the jury to interrogatories, in accordance with the weight of evidence, that the instruction could not have changed the verdict.

SAME.—An instruction which assumes the truth of facts in dispute should not be given.

NOTICE.—A knowledge of facts sufficient to excite inquiry is notice of everything which reasonable inquiry would have revealed.

BONA FIDE PURCHASER.—A *bona fide* purchaser is one who, in good faith, buys and pays value before receiving notice of the rights of others in the property purchased.

From the Tippecanoe Circuit Court.

*R. P. Davidson* and *J. C. Davidson*, for appellant.

*J. Park, J. R. Coffroth, C. B. Stewart, T. F. Gaylord* and *A. Parsons*, for appellee.

ELLIOTT, J.—The facts which appear in the answers returned by the jury to the interrogatories addressed to them may be thus summarized: Benjamin Pring was the owner of the colt here in controversy, and on Sunday, the 24th day of August, 1879, made with the appellee an oral contract of exchange, wherein it was agreed that the latter should take the colt and deliver in exchange a bay mare upon the payment by the former of $40 in money; that the exchange was not to be deemed finally determined upon until Pring should receive the assent of his grandmother, and that the appellee should retain both the colt and the mare until the payment of the $40. At the time the oral agreement was made Pring delivered the colt to the appellee; the assent of the grandmother was given; the colt was left in appellee's possession until October 4th, 1879, and acts were done by Pring evincing a ratification of the original contract. On the day last named Pring took the colt from the possession of appellee, whereupon the latter brought an action for the expense of feeding and caring for it from August 24th until that day; this action, however, was dismissed before trial. The value of the colt was $40 at the date of the original contract of exchange. The appellant Kuhns bought the colt from Pring after the oral agreement between him and the appellee, and with notice of that agreement. The appellee brought this action of replevin, but did not, prior to bringing it, make any demand upon Kuhns.

The rule is that judgment will go upon the general verdict unless the answers to interrogatories are utterly irreconcilable with it upon any reasonable hypothesis that can be framed under the issues. The contention of appellant that he is entitled to judgment on the answers can not be sustained unless we find that they can not be reconciled with the general verdict. It is clear to us that there is no invincible repugnancy.

It is in general true, that where personal property passes into the hands of a purchaser in good faith and without notice, a demand must precede the action.    But the appellant is not such a purchaser.   He bought with notice, and was not entitled to be treated as an innocent third person, and, therefore, can not impose upon his adversary the burden of proving a demand.

The delivery of any article of value as an earnest to bind a bargain is a sufficient compliance with the provisions of the statute of frauds respecting the sale of personal property of the value of $50 or more.   The delivery of the colt was sufficient to bind the bargain.

Upon the assent of Pring's grandmother the contract ceased to be executory, and became executed; thenceforth the property and possession were both in the appellee.   *Bertelson* v. *Bower*, 81 Ind. 512; *Lester* v. *East*, 49 Ind. 588; *Henline* v. *Hall*, 4 Ind. 189.

A contract made on Sunday but ratified on some other day of the week is valid.   *City of Evansville* v. *Morris*, 87 Ind. 269 (44 Am. R. 763).

The fact that appellee brought an action for keeping the colt did not conclude him; it may have been some evidence of an assent to a rescission of the contract, but it was by no means conclusive.   There was no election of inconsistent remedies creating an estoppel.   An act evidencing a given intention is often open to explanation, and such was the character of appellee's act in bringing the action for the expense of feeding the colt.   Had a judgment been obtained and insisted upon, we should have been faced by a very different question, but here the action was dismissed and the remedy abandoned.   It can not be inferred, for the purpose of striking down the general verdict, that there was no explanation; on the contrary, it is our duty to presume that there was a satisfactory one.

On the face of the answers, the appellee, and not the appellant, was entitled to judgment.

Following the order of argument adopted by counsel, we

come to the questions raised by the denial of the motion for a new trial.

It is well settled, that in order to make rulings admitting evidence available as error upon appeal, the grounds of the objections must be stated to the trial court and embodied in the bill of exceptions. *City of Delphi* v. *Lowery*, 74 Ind. 520 (39 Am. R. 98). We find two bills of exceptions in the record, and in one of them the objections are stated, but not in the other, and we will regard the one as a special bill and the other as a general bill, and treat the question as properly saved. The testimony objected to was as to a conversation between Pring and appellee after the former had, without the consent of the latter, regained possession of the colt, and was still in possession. The testimony was competent, because it proved the declarations of the person in possession.

We do not think there was any material error in refusing to permit appellant to ask Pring "why he took the colt out of Gates' pasture." The intent with which that act was done was not the subject of investigation. Nor do we think there was any error in allowing appellee to prove what he said when the action was instituted to recover the expense of feeding and caring for the colt. These declarations were part of the *res gestæ* of that act, and were necessary in order to enable the jury to fully understand its force and effect. These declarations very satisfactorily explained the course of appellee, and clearly showed that he did not bring the action for the purpose of rescinding the contract.

The belief of appellant as to who owned the colt, Pring or Gates, was not material, and we can not reverse because the court refused to permit him to testify to it.

We are inclined to think that the court erred in directing the jury that no demand was necessary, for the appellant denied, while on the witness stand, that he knew of the contract with appellee, but we do not feel warranted in adjudging a reversal, for the reason that the decided preponderance of the evidence is that he did have knowledge, and the jury have so

found in their answers to interrogatories. Where the jury find against a party in answer to interrogatories, and in accordance with the weight of evidence, upon an isolated question of fact, the error in the instructions should be regarded as a harmless one. *White* v. *Jackson*, 15 Ind. 156 ; *Wilds* v. *Bogan*, 57 Ind. 453 ; *Parmlee* v. *Sloan*, 37 Ind. 469.

Where a man has knowledge of facts sufficient to put him upon inquiry, he is chargeable with knowledge of all matters which he could have learned by reasonable inquiry. The court did not err in giving the second instruction asked by appellee, for it embodies the proposition of law we have stated and was pertinent to the evidence.

The eleventh instruction asked by the appellant was rightly refused: It proceeds upon the ground that Gates was estopped, although Kuhns knew that the former had bargained for the colt, and had been in possession under that bargain. This instruction is bad for at least three reasons : 1st. It assumes that Kuhns did purchase the colt, for the introductory clause is, " Even though Kuhns had known before buying the colt of Pring that Pring had bargained the colt to Gates, yet, if at the time he did buy it it was in Pring's possession," and this is an assumption of fact that ought not to have been made. 2d. It leaves out of view the element of good faith on the part of Kuhns, and also leaves out of consideration the important fact that Kuhns could not claim as a *bona fide* purchaser unless he showed that he had paid value before knowledge of appellee's title. 3d. It attaches undue importance to the action brought by appellee for the expense of keeping the colt, and altogether ignores the element of ignorance on the one part and knowledge on the other, which are always essential elements of an estoppel *in pais.*

Judgment affirmed.

Filed Dec. 11, 1883.