McConnell v. Hannah, Administrator.

---

No. 11,526.

McCONNELL v. HANNAH, ADMINISTRATOR.

WITNESS.—*Proof of Husband's Declarations by Wife.*—*Decedents' Estates.*— After the husband's death, his wife is a competent witness to prove his declarations made to others in her hearing.

EVIDENCE.—*Res Gestæ.*—*Declarations of Ownership.*—The declaration of one, shown to be at the time in possession of personal property, that he owns it, is proper evidence in behalf of his administrator, in a suit by the latter to recover it.

From the Knox Circuit Court.

*G. G. Reily* and *W. C. Niblack*, for appellant.

*W. A. Cullop* and *G. W. Shaw*, for appellee.

BICKNELL, C. C.—The appellee, as administrator of Robert McConnell, deceased, brought this action against the appellant, the daughter of said intestate, to recover a horse and buggy and other personal property, alleged to be a part of the intestate's estate.

The defence was the general denial.

The court found for the plaintiff as to the horse and buggy, and for the defendant as to the other property. Judgment was rendered upon the finding after the defendant's motion for a new trial was overruled. The defendant appealed. The error assigned is overruling the motion for a new trial.

The reasons for a new trial are:

1. The finding is contrary to law.

2. The finding is not sustained by sufficient evidence.

3. Permitting the plaintiff to testify that the deceased, in his lifetime, said that he owned the property in controversy.

4. Permitting the plaintiff to prove, by Columbus Robinson, that the decedent said to him, in the absence and out of the hearing of the defendant, that the horse in question was his horse—that is, the decedent's horse.

5. Permitting the plaintiff to prove, by the decedent's widow, that the decedent said to her during their marriage, and in the presence of the defendant, that the horse and buggy in suit were his property.

It appeared in evidence that the sheriff, under an execution against the decedent, levied upon the property in controversy and sold it to the appellant. The sheriff's return, as between the parties to this suit, is conclusive that the appellant was the purchaser. *Splahn* v. *Gillespie*, 48 Ind. 397; *Fry* v. *Gallaspie*, 61 Ind. 478.

It appeared that when the property was levied on, and afterwards, the decedent, with his wife and his daughter, the appellant, were living together on a farm in the same house.

The decedent's widow testified that the decedent had the property in his possession, claiming to own it up to the time of his death; that she married the decedent about two months before his death, and that during those two months the decedent had said property in his possession and claimed it as his own. To this testimony there was no objection, but this witness also stated as follows:

The plaintiff's counsel asked the witness: " What, if any-

thing, the decedent had told his daughter Lucinda ( the appellant) concerning the ownership of the property in the presence of either of the defendants?" To this the defendants objected, because the witness could not lawfully testify to any communication made to her by her husband during coverture. The court overruled the objection, and the witness answered that " her husband had told his daughter Lucinda (the appellant) that the horse and buggy were his and he intended to keep them."

The admission of this testimony is the fifth reason for a new trial, but it is not available because no exception was taken to the order of the court overruling the objection, and because the statute, section 497, R. S. 1881, excludes communications made by the husband to the wife, and the statement here proved was a communication by the husband to his daughter.

This witness further testified that one day her own daughter and the appellant were about to go to the postoffice, and the decedent hitched up the horse and buggy for them, and was tired of waiting for them, and called to them that if they did not come he would put a stop to their using the horse and buggy. On cross-examination this witness said that the defendant Lucinda and her father disputed twice about the ownership of this property, and that at one of these times said Lucinda told her father that he knew the horse and buggy were hers, to which he replied that he had furnished the money to her to buy them with.

Columbus Robinson testified that after the sheriff's sale the decedent had the horse and buggy and used them, claiming them as his own, and that witness hired the horse from decedent and plowed with him in sight of said Lucinda, who made no objection, and that the decedent bought corn and oats for the horse from the witness, and paid him for part of it and owed him for the remainder.

To this testimony there was no objection, but the appellee's counsel then asked this witness, " What, if anything, did Robert

McConnell say concerning the ownership of the property while he was in possession of it?" To this question the appellant objected, unless the statement was made in the presence of one of the defendants, but the court overruled the objection, and the witness answered that " When he was selling the corn and oats to Robert McConnell, he said the horse and buggy were his, and he would mortgage them to me to make me safe; that at this time neither of the defendants was present." This, it will be observed, was in answer to a question, " what did he say while in possession of the property concerning the ownership of it?" The admission of this answer to that question is the fourth reason alleged for a new trial. But it was admissible as part of the *res gestæ*. Greenl. Ev., sections 108, 109; Whart. Ev., section 259. In this section Wharton says that such declarations " are admissible, though hearsay, because in such cases, from the nature of things, it is the act that creates the hearsay, not the hearsay the act." Whenever it is competent to prove an act, a declaration of the actor accompanying the act, and relating thereto, may also be proved.

In *Hamilton* v. *State*, 36 Ind. 280 (10 Am. R. 22), this court said of such declarations: " They are a part of the transaction, and for that reason are admissible; and it makes no difference, so far as the admissibility of the declaration is concerned, whether it be in favor of, or against the party making it. If the act is one of alleged criminality, and the accompanying declaration tends to show it to be innocent, it is equally admissible as where the tendency is to show the criminality of the act; and it may be given in evidence by the defendant as well as by the State." See, also, to the same effect, *Boone Co. Bank* v. *Wallace*, 18 Ind. 82; *Lane* v. *State*, 16 Ind. 14.

In *Abney* v. *Kingsland*, 10 Ala. 355, COLLIER, C. J., says: " It has been often held, that what a person in the possession of real or personal estate says, in respect to the same, are admissible as part of the *res gestæ*." And in *McBride* v. *Thomp-*

*son,* 8 Ala. 650, it was said by the court: "The affirmation of the party in possession, that he held in his own right, or under another, is proper evidence as part of the *res gestæ*, which *res gestæ* is his continuous possession." These statements of the law by the court of Alabama were cited and adopted by this court in *Tedrowe* v. *Esher*, 56 Ind. 443, and were followed in *Bunnell* v. *Studebaker*, 88 Ind. 338, and in *Kuhns* v. *Gates*, 92 Ind. 66.

In the present case the principal question was, to whom did the property belong? It was competent to prove Robert Mc-Connell's possession of the horse and buggy as *prima facie* evidence of his ownership, and the act of possession being proved, his declarations while in possession, indicating the character of that possession, to wit, that he held as owner, were admissible, whether made in the presence of the other party or not, and whether they operated in his favor or not.

"It is no objection to such declarations that they are self-serving, if they are part of the *res gestæ*." Whart. Ev., section 262. *Entwhistle* v. *Feighner*, 60 Mo. 214; *Harriman* v. *Stowe*, 57 Mo. 93; *Elkins* v. *McKean*, 79 Pa. St. 493; *Insurance Co.* v. *Mosley*, 8 Wal. 397; 1 Phillipps Ev., Cowen & Hill's notes, 592 to 601, 644.

There is another rule, to wit, that the declarations of a vendor can not be received in disparagement of the title of his vendee. *Kieth* v. *Kerr*, 17 Ind. 284; *Campbell* v. *Coon*, 51 Ind. 76; *Garner* v. *Graves*, 54 Ind. 188; *Kennedy* v. *Divine*, 77 Ind. 490; *Tedrowe* v. *Esher*, *supra*. But that rule is not applicable to cases of a mere colorable sale, where there is no real change of ownership. In the present case there was evidence of declarations of the decedent, unobjected to and made in appellant's presence, showing that although the appellant was the nominal purchaser at the sheriff's sale, yet she bought with money furnished for that purpose by her father, the judgment debtor, and for his benefit, and that he remained the real owner of the property, in possession of it all the time.

In addition to the testimony unobjected to and hereinbe-

fore set forth, Albert Shaffer testified that before the sale said Robert McConnell, in the presence of the appellant, asked the witness to buy the property, alleging that the attorney on the other side objected to his daughter bidding off the property, and that after the sale the said Robert McConnell had charge of the horse and buggy, and controlled it and offered to sell it to Mr. Reel, in the presence of the appellant, and she made no objection.

The third cause for a new trial is that the plaintiff was permitted to testify as to what the decedent had said in his lifetime; but the bill of exceptions shows that the testimony thus permitted to be introduced was not in reference to the said horse and buggy; therefore this cause for a new trial need not be considered.

The only remaining causes for a new trial are the first and second, which allege that the finding was not sustained by the evidence, and was contrary to law. But there was evidence tending to sustain the finding of the court, and, therefore, the verdict can not be disturbed. *Webb* v. *Zeller,* 90 Ind. 445.

The ruling herein, that where an act is admissible in evidence, a declaration accompanying the same may also be proved as essentially a part of the act, is not in conflict with the cases of *Bristor* v. *Bristor,* 82 Ind. 276, *Somers* v. *Somers,* 85 Ind. 599, and *Kuhns* v. *Gates, supra.* In *Bristor* v. *Bristor, supra,* the court said: "A party's declarations are competent evidence against him or his representatives, but can not be adduced by or in favor of either."

That is the general rule, but an exception thereto is that when declarations, qualifying and giving character to an act proper to be given in evidence, accompany that act, they are admissible whether self-serving or not, because they are a part of the *res gestæ.*

In *Somers* v. *Somers, supra,* where a declaration was held inadmissible as mere hearsay, it did not appear that the declaration was a part of the *res gestæ.* In *Kuhns* v. *Gates, supra,* the decision is exactly in accordance with the present ruling.

There was no error in overruling the motion for a new trial. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the. foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellant.

Filed May 4, 1884.