Daniels *et al. v.* McGinnis, Administrator.

Filed Oct. 15, 1884.

———————◆———————

No. 11,460.

DANIELS ET AL. *v.* McGINNIS, ADMINISTRATOR.

SUPREME COURT.—*Errors Waived.*—The Supreme Court will consider only the alleged errors discussed; all others are deemed waived.

QUIETING TITLE.—*Declarations of Grantor against Title of Grantee.—Conspiracy to Defraud.*—While, as a general rule, the declarations of a grantor made after he has parted with his title are not admissible in evidence to impeach the title of one claiming under him, yet, where the grantor and grantee have conspired together to defraud third persons, the statements of either are admissible against the other.

SAME.—*Evidence.—Declarations Prior to Proof of Conspiracy.*—Evidence of declarations only admissible on the ground of the existence of a conspiracy, if admitted before such proof is made, are rendered competent by the subsequent introduction of such evidence.

SAME.—The declarations of the grantor, made prior to the time that the grantor and grantee became actors in the conspiracy, are admissible in evidence against the title of grantee.

PRACTICE. —*Erroneous Instructions. —Harmless Error. —*Where it appears

" that the merits of the cause have been fairly tried and determined in the court below," the judgment will not be reversed, although one or more of the instructions of the court to the jury may have been erroneous.

VERDICT. — *Construction.* — A verdict, however informal, is good if the court can understand it. Verdicts are to have a reasonable intendment, and to receive a reasonable construction, and are not to be avoided unless from necessity. If rendered upon substantial issues of fact, fairly presented by the pleadings, they should not be disturbed on account of mere technical defects.

JUDGMENT. — *Motion to Correct. — Practice.* — If a judgment is erroneous only in respect to the damages in the recovery of real estate, the motion should be to correct that part of the judgment, and not to vacate the entire judgment.

From the Superior Court of Marion County.

*J. Buchanan, S. M. Shepard* and *C. Martindale,* for appellants.

*D. V. Burns* and *C. S. Denny,* for appellee.

COLERICK, C.—This action was brought by the appellants against the appellee to quiet their title to certain real estate, situate in Marion county, Indiana. The appellee filed an answer of general denial to the complaint, and also a cross complaint against the appellants and one William Mankedick, by which he sought to recover from them the possession of the real estate in dispute and damages for its alleged unlawful detention, and to quiet his title to the property. Joint and separate answers of general denial were filed to the cross complaint by the defendants thereto. The issues, so formed, were tried by a jury, who returned a verdict as follows: " We, the jury, find for the defendant, George F. McGinnis, administrator of the estate of Henry A. Hugo, deceased, against the plaintiffs, and against the defendants to his cross complaint, and also assess his damages against the plaintiffs at the sum of one hundred and fifty dollars ($150). John H. Eagle, foreman." A joint motion by the appellants, and a separate motion by the appellant Charlotte S. Daniels, for a new trial, were overruled. A separate motion by Mankedick for a new trial was sustained, and, thereupon, the cross complaint as to him was dismissed by the appellee. A judg-

ment in favor of the appellee against the appellants for the possession of said real estate, and for $150 as damages for its detention by them, and quieting his title thereto, was rendered. After the rendition of the judgment, a joint motion by the appellants, and a separate motion by the appellant Charlotte S. Daniels, to vacate and set aside the judgment so rendered, because it did not conform to the verdict, were overruled.

The only errors assigned by the appellants that have been discussed by them relate to the rulings of the court below in overruling their motions for a new trial, and to vacate and set aside the judgment.

Under the well settled practice of this court, we can only consider the alleged errors that have been discussed. Those not discussed are to be treated as abandoned or waived by the appellants.

The only causes assigned in support of the motion for a new trial, that are urged in this court, relate to the sufficiency of the evidence to sustain the verdict, and to the action of the court below in permitting the appellee to introduce in evidence, for the purpose of impeaching the appellants' title to the real estate in controversy, certain declarations of Mankedick, which were made subsequent to the execution by him of a deed of conveyance for the property, and under which deed the appellants claimed title, and to certain instructions that were given by the court to the jury.

The evidence clearly and strongly sustains the verdict. If it merely tended to do so, we could not, under the practice of this court, disturb the verdict on the weight of the evidence.

As a general rule the declarations of a grantor made after he has parted with his title are not admissible in evidence to impeach the title of any one claiming under him. *Campbell* v. *Coon*, 51 Ind. 76; *Garner* v. *Graves*, 54 Ind. 188; *Burkholder* v. *Casad*, 47 Ind. 418. There are exceptions to this rule. One of the exceptions is, where the grantor and grantee conspire together to defraud third persons. In such case the

statement of either is admissible against the other.   *Caldwell Williams*, 1 Ind. 405; *Tedrowe* v. *Esher*, 56 Ind. 443; *Kennedy* v. *Divine*, 77 Ind. 490; Bump Fraud. Conv. (2d ed.) 566.   In Wait on Fraudulent Conveyances, section 280, it is said:   "Where it is proved that the debtor and others have joined in a conspiracy to defraud creditors by a fraudulent disposition of property, the acts and declarations of either of the parties, made in the execution of the common purpose, and in aid of its fulfilment, are competent evidence against any of the parties."   Under this exception to the rule the evidence complained of was offered and admitted.   But it is insisted by the appellants that the court erred in admitting it, because, at the time of its admission, no proof had been made showing the formation or existence of a conspiracy for any such fraudulent purpose.   It appears in the record that after the declarations were admitted evidence was introduced showing the existence of a conspiracy to defraud the creditors of Mankedick by a fraudulent disposition of the property in controversy, in which the appellants participated, and this proof rendered the declarations competent, and the error, if any was committed in first admitting the declarations in evidence, was thereby cured.   See *Tedrowe* v. *Esher, supra,* in which the court below permitted the declarations of a conspirator to be given in evidence before the existence of the conspiracy had been established by proof.   This court, in passing upon the question, said:   "Still, if that evidence, when in, would sustain the ruling, it should not be held erroneous on appeal."   The declarations were admissible in evidence against the appellants, although they may have been made prior to the time that the appellants became actors in the conspiracy. In Bump on Fraudulent Conveyances (2d ed.) 566, it is said: "It constitutes no objection to the admissibility of such declarations that the plan was concocted before the party against whom they are offered became an associate.   By connecting himself with the others and aiding in the execution of their plan, he adopts their prior acts and declarations so far as they

constitute a part of the *res gestæ,* as much as if he had been present and assented to each successive step in carrying out and consummating the fraud."

The rights of the appellants, so far as they were affected by the declarations of Mankedick, were carefully guarded by the court in its seventh instruction to the jury, in which it was stated : " I will say, however, in this connection, that the rule of law is that no admissions or declarations of Mankedick made after the date of his deed is admissible to defeat or affect plaintiffs' title under said deed, unless you further find that plaintiffs and Mankedick were conspiring together to consummate a fraud in reference to the title to the land. If the evidence is clear that such a conspiracy existed between these parties, then the admissions or declarations of Mankedick in regard to the matter are evidence against the plaintiffs. Whether or not such a conspiracy existed is also a question of fact for your decision from the evidence in the case other than the said statements of Mankedick ; they can not be considered as evidence of the conspiracy, and are not evidence for any purpose until the conspiracy is established." No error was committed by the court in admitting the evidence.

We have fully and carefully examined the record, and all the evidence adduced at the trial, and find " that the merits of the cause have been fairly tried and determined in the court below," and hence we are precluded, by an express provision of the statute, R. S. 1881, section 658, from reversing the judgment, although one or more of the instructions of the court to the jury may have have been erroneous, as asserted by the appellants. See *Toler* v. *Keiher,* 81 Ind. 383 ; *Simmon* v. *Larkin,* 82 Ind. 385 ; *Cassady* v. *Magher,* 85 Ind. 228 ; *Norris* v. *Casel,* 90 Ind. 143.

It is insisted by the appellants that the judgment which was rendered by the court did not conform to the verdict that was returned by the jury, in this, that it did not appear by the verdict that the damages which were assessed against the

appellants, and for which judgment was rendered, were awarded on the cross complaint of the appellee. Unless they were so awarded, none could be assessed, as the issues which were formed on the complaint of the appellants did not involve the subject of damages, and under the issues so formed no affirmative relief could be granted to the appellee.

In Hilliard on New Trials (2d ed.), 133, it is said : " With regard to verdicts in general, it is held that a verdict, however informal, is good, if the court can understand it. Verdicts are to have a reasonable intendment, and to receive a reasonable construction, and are not to be avoided, unless from necessity. If rendered upon substantial issues of fact, fairly presented by the pleadings, they should not be disturbed on account of mere technical defects."

The views expressed by Mr. Hilliard are in harmony with the decisions of this court. See *Jones* v. *Julian,* 12 Ind. 274; *Mitchell* v. *Burch,* 36 Ind. 529. As we understand the verdict above set forth, the jury found in favor of the appellee on his cross complaint against all of the defendants thereto, but limited the assessment of damages thereon to the appellants alone, and it must have been, properly, so understood by the court below.

No error was committed in overruling the motion to vacate and set aside the judgment. If the judgment, in that respect, was incorrect, the appellants should have moved the court to modify the judgment, by vacating that part of it which related to damages, instead of assailing, as they did, the entire judgment, as it is conceded by the appellants, or not disputed by them, that in all other respects the judgment, in form, was in harmony with the verdict.

As there is no error in the record, the judgment ought to be affirmed.

PER CURIAM.—The judgment of the court below is affirmed, at the costs of the appellants.

Filed Oct. 16, 1884.