Brown, Administrator, *v.* Kenyon.

Filed Nov. 22, 1886.

---

No. 12,839.

## BROWN, ADMINISTRATOR, *v.* KENYON.

EVIDENCE. — *Self-Serving Declarations of a Decedent.* — *When Admissible.* — *Res Gestæ.* — Self-serving declarations of a decedent, made in the absence of the other party, are not admissible in behalf of his administrator, unless they qualify and give character to some act which is material to the issue, and are thus a part of the *res gestæ* of such act.

From the Hamilton Circuit Court.

*R. R. Stephenson*, for ·appellant.

*T. J. Kane, T. P. Davis, J. Stafford* and *T. E. Boyd*, for appellee.

ZOLLARS, J.—Appellant, as the administrator of the estate of Oliver H. Brown, deceased, instituted this action to recover upon promissory notes, and to foreclose a mortgage securing the same, executed by appellee to the decedent.

The defence set up in the answer is, that subsequent to the execution of the notes, it was agreed between Brown, the payee, now deceased, and appellee, that he should board and furnish a home for Brown during his natural life, in full satisfaction and payment of the debt evidenced by the notes, and that appellee had kept and performed the contract on his part.

The notes and mortgage remained in the possession of the decedent until his death, and were found among his papers in his safe. Upon the trial of the cause below, appellee introduced several witnesses, who testified that in conversations which they had had with the decedent, he told them that he had agreed with appellee to give to him the notes and mortgage for furnishing him, Brown, a home during his life. In rebuttal, appellant offered to prove by certain named witnesses, then in court, that shortly before his death, and subsequent to the time of the agreement set up in the answer, the decedent stated to them, that he was holding the mortgage against appellee, and had fears that he, appellee, would cheat him out of it; that appellee's wife had not signed the mortgage, and that he had fears that on account of a prior mortgage, he would not be able to make his mortgage debt out of the land.

This offered evidence was excluded. Was it competent? That is the only question discussed by counsel, and the only question presented by the record, if, indeed, it is so presented, as that a decision of it favorable to appellant would require the reversal of the judgment.

The general rule is well settled, that declarations by a decedent against his interest may be introduced in evidence against the administrator, and that declarations in his own favor, made in the absence of the other party, are incompetent in behalf of the administrator. *Bristor* v. *Bristor*, 82 Ind. 276.

There is an exception to that general rule, which is stated in the case of *McConnell* v. *Hannah*, 96 Ind. 102, as follows: " But an exception thereto is that when declarations, qualifying and giving character to an act proper to.be given in evidence, accompany that act, they are admissible whether self-serving or not, because they are a part of the *res gestœ.*"

In the case of *Creighton* v. *Hoppis*, 99 Ind. 369, this court quoted with approval the following from the opinion in the case of *Downs* v. *Lyman*, 3 N. H. 486, viz.: " The rule of law is, that where it is necessary, in the course of a cause, to inquire into the nature of a particular act, and the intention of the person, who did the act, proof of what the person said, at the time of doing it, is admissible in evidence, for the purpose of showing its true character."

In order that such declarations accompanying an act may be competent as a part of the *res gestœ*, manifestly, the act itself must be material to the issue involved.

When there is a question of ownership, for example, it is competent to prove possession, because possession is *prima facie* evidence of ownership, and because possession is thus material, declarations accompanying it are competent.

In the case before us, there is no question as to the ownership of the notes and mortgage, while Brown, the payee, was alive. He was the owner, and entitled to the possession of them. That was in no way called in question by appellee. The only question for trial was, as to whether or not the agreement set up in the answer was entered into between the parties, and if so, whether or not appellee had performed his part of that agreement. If there was such an agreement, and appellee had performed his part of it, the notes were paid. It

was a question of payment. The manner of payment was such, that it could not be completed until the death of Brown, and until then appellee was not entitled to the possession of the notes and mortgage. The possession by Brown was not an act material to the issue tendered by appellee's answer. Nor would the declarations, which appellant proposed to prove, in any proper sense, qualify or give character to the act of possession by Brown.

Those declarations would tend to overthrow the case as made by appellee's answer and his witnesses, but as they did not accompany an act material to the issue to be tried, they were not a part of the *res gestæ*, and hence not competent. They were purely declarations of a party in his own favor in the absence of the other party, and hence fall within the general rule which excludes such evidence. In our judgment no error was committed in the exclusion of the proffered testimony. It is well enough to say in passing, that the record does not affirmatively show that the declarations which appellant offered to prove by the witnesses named, were not proved by other witnesses.

Judgment affirmed, at appellant's costs.

Filed Nov. 23, 1886.