The Foss-Schneider Brewing Company *v.* McLaughlin *et al.*

### No. 631.

## THE FOSS-SCHNEIDER BREWING COMPANY *v.* McLAUGHLIN ET AL.

PRINCIPAL AND AGENT.—*Instruction to Jury.*—*Facts from which Agency May be Implied.*—In an action on account against a foreign corporation, an instruction was correct which informed the jury that if they believed from the evidence that the corporation caused a wagon to be painted, with its corporate name on both sides of it, and caused H.'s name, as agent, to be painted upon it in a conspicuous place, where it could be seen and read, and permitted H. to use it in the public streets of Terre Haute, or elsewhere, this would be a holding of H. out as an agent, and a person acting in good faith would have a right to deal with him as such.

SAME.—An instruction in such action was also correct which told the jury that if the corporation authorized H. to erect a house for them, with their money, and he did so for the purpose of selling their beer, or keeping their beer which they should sell to him, and H. afterwards placed in large letters the corporate name upon the sides of said house, and that fact came to the knowledge of the defendant, and nothing was done to prevent him from keeping the sign where the public could see it, that would be a holding out of him as their agent.

SAME.—*Declaration of Agent Concerning Agency.*—*For what Purpose Admissible.*—The declaration of an agent to a party that he was such, while not competent for the purpose of establishing the agency, may be introduced in evidence in order to show that the party made proper and prudent inquiries before dealing with the person of whom the inquiry was made.

INSTRUCTION TO JURY.—*Illustration not Pertinent to Issues.*—An instruction to a jury is not erroneous because all the legal propositions stated therein, by way of illustration, are not pertinent to the matters in issue in the case, where the jury could not have been misled thereby.

EVIDENCE.—*Order of Introduction*—*Cross-Examination.*—Where a letter is handed a witness, and before it is read in evidence a cross-examination of the witness is permitted, which would be proper if the letter had been read, and the letter is subsequently introduced in evidence, error can not be successfully predicated on the action of the court.

From the Vigo Supreme Court.

*R. B. Stimson, S. C. Stimson* and *A. M. Higgins,* for appellant.

*J. G. McNutt, F. A. McNutt* and *A. J. Kelley,* for appellees.

Fox, J.—This was an action brought by appellees against the appellant before a justice of the peace upon account, and the appellant being a foreign corporation, a summons was served upon one Louis Heyden who, it was claimed, was an agent of the appellant. A judgment was rendered in favor of the appellees. From this judgment an appeal was taken to the Vigo Superior Court, where another trial was had with a like result.

There is but one error assigned in the record, and that is, " that the court below erred in overruling the appellant's motion for a new trial."

Counsel for appellant say in their brief that " error of the court in the oral instruction, and in the admission of evidence is the ground upon which the appellant relies for the reversal of this case." This will be taken as a waiver of all other questions presented in the record.

Briefly stated, the facts of the case, as they appear in the record, are as follows : The appellant is a corporation engaged in manufacturing beer in the city of Cincinnati, to be sold in the markets of the country. The company gave to one Louis Heyden the " sole right " to control the sale of their beer in the city of Terre Haute, in the State of Indiana. In so doing they agreed to build him an ice-house in Terre Haute in which to store the beer as he received it, and also to furnish him with a wagon, horse and harness, for the purpose of delivering beer to customers. There was evidence tending to show that after the ice-house was built, the words " Foss-Schneider Brewing Co., Louis Heyden, agent," were conspicuously painted in large letters upon three sides of it. A delivery wagon was made in Cincinnati and was, by the appellant, sent to Heyden at Terre Haute. Upon each side of the wagon were painted the words, " Foss-Schneider Brewing Co." Evidence was also given tending to show that the words " Louis Heyden, agent," were painted upon the end and back of the seat of the wagon. Heyden took possession and had the control of both the ice-house and the

wagon, and used the same in placing beer manufactured by the appellant upon the market. While Heyden was so engaged, the appellees delivered ice to him, to be used by him in connection with said business. Heyden having failed to pay for the ice, suit was brought against the appellant upon the theory that Heyden was their ostensible agent, and as such received the ice. Evidence was also given at the trial that while Heyden was engaged in handling the beer, and was in possession of the ice-house and wagon, they inquired of him whether he was agent for the appellant, and that he said he was. The appellants, at the trial, denied that Heyden was their agent, and claimed that the beer was sold to him outright by car loads; that they did not authorize Heyden or any one else to place his name as agent upon either the house or wagon; that they did not know the words were there.

The court instructed the jury that if they believed from the evidence that the " Brewing company " caused a wagon to be painted with the corporate name, " Foss-Schneider Brewing Co." on both sides of it, and caused Heyden's name, as agent, to be painted upon it in a conspicuous place, where it could be seen and read, and permitted Heyden to use it in the public streets of Terre Haute or elsewhere, this would " be a holding of Louis Heyden out as an agent," and that a person acting in good faith would have a right to deal with him as such. The court further instructed the jury that if " the brewing company authorized Heyden to erect a house for them with their money, and he having done so for the purpose of selling their beer or keeping their beer in which they should sell to him, and afterwards placed or printed in large letters upon the side of the company's house the names " Foss-Schneider Brewing Co., Louis Heyden, Agent," and that fact came to the knowledge of the defendant, and nothing was done to prevent him from still allowing that sign there where the public could see it, that would

be a holding out of him as their agent." The court then; instructed the jury that as to whether the brewing company company caused the house and wagon to be lettered as above mentioned, or permitted the same to be done, were questions of fact to be determined by them from the evidence.

Counsel contend that the above instruction is not a correct exposition of the law. An agency will, at times, be implied from circumstances, in order to protect the rights of innocent parties, even where no contract of agency in fact exists. The law upon this question is well stated in Mechem Agency, section 84. It is there said: " It may therefore be stated as a general rule that whenever a person has held out another as his agent authorized him to act for him in a given capacity; or has knowingly and without dissent permitted such other to act as his agent in such capacity; or where his habits and course of dealing have been such as to reasonably warrant the presumption that such other was his agent, authorized to act in that capacity; whether it be in a single transaction or in a series of transactions, his authority to such other to act for him in that capacity will be conclusively presumed, so far as it may be necessary to protect the rights of third persons who have relied thereon in good faith and in the exercise of reasonable prudence, and he will not be permitted to deny that such other was his agent, authorized to do the act that he assumed to do, provided that such act is within the real or apparent scope of the presumed authority."

If it is true that at the time the ice was delivered to Heyden, he had the sole right and was engaged in placing beer manufactured by the appellant upon the market, in Terre Haute, and that upon the house owned by appellant in which the beer was kept before being delivered to customers, he caused his name to be conspicuously painted as agent of the appellant, of which fact the appellant had or should have had knowledge, and the appellees knowing and relying upon what was thus publicly announced, and believing it to be

true, in good faith dealt with Heyden as the agent of the appellant, the law will protect them and not permit the appellant to deny the relation. The rule, that when under circumstances and conditions one of two persons must suffer, the one who made the circumstances and conditions possible must be held responsible, is a just and salutary one. That the appellees acted in good faith is shown by the fact that they made inquiry of Heyden while he was in possession of the horse and wagon, as to whether he was in fact agent or not. Counsel insist that the court should not have permitted this question to be answered. Ordinarily, the rule is, that the fact of agency can not be proven by the declarations of the agent in the absence of his principal. This evidence, however, under the circumstances, was properly admitted in order to show the good faith of the appellees in the premises—to show that they made proper and prudent inquiries before dealing with the person of whom the inquiry was made, and who at the time had in his possession the house and wagon, lettered, as appellees claim, as above mentioned, and was engaged in selling goods manufactured by the appellant.

In connection with the doctrine of implied agency the court stated to the jury that " Where one holds another out to the public as agent, so that if you and I have a contract that you are not to act as my agent, but notwithstanding that, I hold you out as my agent, or if I know you are holding yourself out to the public as my agent, your act binds me just as much as if I had in the first instance agreed to make you my agent." ,

This portion of this charge, together with that immediately preceding, is objected to for the reason that it is " not pertinent to the evidence." In this instruction the court simply endeavored to illustrate the distinction between agencies created by contract and those implied from circumstances. The court did not assume or pretend that all the legal propositions stated in illustrations given by him were pertinent

to the matters in issue, and the jury could not intelligently so have understood. The purpose was, in a general way, to illustrate the theory and doctrine of the law of agency for the information of the jury.

Counsel discuss at length and cite many authorities concerning the doctrine of ratification as applied to the law of agency. The question of ratification is not involved in this case. The pivotal question is this: Were the facts and circumstances within the knowledge of the appellees, for which the appellant was responsible, sufficient to induce them as prudent men to believe, in good faith, that they were dealing with Heyden as the agent of the appellant? No pretence is made that there was any subsequent ratification of the acts of Heyden after the ice was delivered by the appellees.

It is insisted that " the court erred in permitting the appellee McLaughlin to give his opinion as to whether Heyden was the agent of the appellant or not." The record does not show that any such testimony was given. The witness was asked to give his " opinion as to the agency " from what he had seen and heard, but all the questions calling for such an opinion were objected to and not answered. The witness was asked to state if seeing the words above mentioned as they were painted upon the ice-house in any wise influenced his conduct in delivering the ice to Heyden. This question he answered as follows: " It had all in the world to do with it. I would not have sold him one hundred pounds of ice if I did not think he was agent." To this question and answer no objection was made at the trial, and this being so, none will be considered here.

During the progress of the trial appellant called Heyden as a witness, and placing a letter in his hands, asked him if it contained " the terms of his contract with Foss, Schneider & Co." He answered that it did. Thereupon, and before the letter was read in evidence, counsel for appellee proceeded to cross-examine the witness concerning the building

The Foss-Schneider Brewing Company *v.* McLaughlin *et al.*

of the ice-house, and as to whether he built it by the authority of the appellant. To this appellant's counsel objected for the reason that it was not proper cross-examination. The court below, ruling upon the objection thus made, " asked defendant's counsel if he meant to offer in evidence the letter shown witness," to which question the counsel answered " that he should put the letter in evidence."

The court then overruled the objection, and permitted the counsel for appellees to proceed with the cross-examination, which they did at length, concerning the house and wagon, and as to the words painted thereon, for the purpose of showing, as it appears, that notwithstanding the letter and terms of the contract contained therein, witness, by his conduct, had held himself out to the world as the ostensible agent of the appellant. The letter was subsequently read in evidence by the appellant's counsel in order to show by its contents that Heyden was not in fact the agent of the appellant, but that beer furnished him was sold to him outright, and that he, from the time he received it, became the absolute owner thereof. If the letter had been read in evidence in connection with the testimony of the witness, at the time he testified, there is no question but that the cross-examination would then have been proper. The fact that the letter was subsequently read in evidence made the testimony elicited by the cross-examination competent at some stage of the trial. This being so, we are unable to see how the appellant was injured by the action of the court. Counsel, in their brief, say that Heyden " was a hostile witness." We see no evidence of this in the record. The order in which testimony may be given is so largely in the discretion of the trial court that objection to it will not avail upon appeal unless such discretion is manifestly abused. We see no evidence of such abuse in this case.

Judgment is affirmed, with costs.

Filed Sept. 15, 1892; petition for a rehearing overruled Nov. 18, 1892.