Fairbank *et al.* *v.* Lorig *et al.*

## No. 42.

## FAIRBANK ET AL. *v.* LORIG ET AL.

ATTACHMENT.—*Sufficiency of Affidavit.*—*Quashing Writ.*—The affidavit required as the basis of attachment proceedings must show a certain state of facts, and where such affidavit is not so defective as to prejudice the substantial rights of the defendant, the writ of attachment will not be quashed.

APPEAL.—*Record.*—*Uncertainty as to Nature of Issues.*—*Court will not Examine into Causes Assigned.*—Where a motion was filed to strike out certain portions of paragraphs of a complaint, but it does not appear from the record what portions of the complaint were struck out, or what portions referred to in the motion were retained, the Appellate Court, being unable to determine the exact character of the issue tried, can not satisfactorily and properly examine into the reasons assigned for a new trial.

From the Porter Circuit Court.

*E. L. Harpham, M. Polasky* and *D. J. Wile,* for appellants.

*M. Nye* and *W. Johnston,* for appellees.

BLACK, J.—The appellees, Theodore Lorig and Martin Weber, filed with their complaint an affidavit of Martin Weber, in which he stated " that he is one of the plaintiffs in the above entitled cause and makes this affidavit for and on behalf of the plaintiffs herein; that the claim in this action is for money damages due on a certain contract entered into by the defendants with the plaintiffs, and which said contract is set forth in the complaint in this action; that said claim is just, and that affiant believes he ought to recover from said defendants the sum of four hundred and ninety-eight dollars and sixty-four cents," etc.

Ellis Michael and Edward Michael were summoned as garnishees. The appellants, the defendants, by counsel, appearing specially, moved to quash the writ of garnishment. The overruling of this motion is assigned as error.

The only reason urged in this court, of those stated in the motion, is as follows:   " The affidavit is defective, in this : it does not set forth the amount which the person making the affidavit believes the plaintiff ought to recover in the action."

The statute relating to the subject of attachment provides (section 916, R. S. 1881):   " The plaintiff, or some person in his behalf, shall make an affidavit showing :

"*First.* The nature of the plaintiff's claim.

"*Second.* That it is just.

"*Third.* The amount which he believes the plaintiff ought to recover.

"*Fourth.* That there exists in the action some one of the grounds for an attachment above enumerated."

It is contended that the affidavit in this case was fatally defective because of the use of the word " he " in the clause " and that affiant believes he ought to recover," etc.

Much strictness is properly required in affidavits in attachment, but the intention of the statute and the purposes of justice ought not to be defeated because of verbal inaccuracy where the material requirements of the statute are fulfilled.

The statute requires that the affidavit shall show the nature of the plaintiff's claim and that the claim is just. The important matter to be next shown, under the third requirement of the statute, is the amount which the affiant believes ought to be recovered upon the plaintiff's claim, the nature of which the affiant has already shown, and the justness of which he has affirmed.

If it is apparent that in stating the amount which the affiant believes ought to be recovered, he has reference to the claim of the plaintiff, the nature of which has been described and the justness of which has been asserted in a preceding part of the affidavit, it would seem that there has been a sufficient showing within the meaning of the statute.

In *Sleet* v. *Williams*, 21 Ohio St. 82, in an affidavit of the plaintiff complying otherwise with the statute, instead of showing, in accordance with the statute, "the amount which the affiant believes the plaintiff ought to recover," the affiant stated "that there is now due him on said account from said defendant the sum of," etc. The Supreme Court, reversing the judgment of the district court, held the affidavit sufficient.

The statute, as was pointed out in the case cited, does not require the use of certain words; it provides for an affidavit "showing" certain matters of fact.

While we can not say that the affidavit was not defective, yet, taking the entire affidavit into consideration, we can not regard the defect as one which could prejudice the substantial rights of the appellants.

The appellants have assigned as errors the overruling of their demurrer to the amended complaint and the overruling of their motion for a new trial.

In the transcript of the record before us it appears that the appellees filed an amended complaint, which is set out in two paragraphs. Afterward the appellants moved to strike out certain portions of this amended complaint. This motion, covering three pages of the transcript and containing thirteen separately numbered clauses, asked that many separate portions of the first paragraph of the complaint be struck out; also, that all the second paragraph be struck out; also, that if the court should overrule the motion as applied to the second paragraph of the amended complaint as a whole, then that separate portions of that paragraph be struck out.

A subsequent entry shows that "the motion heretofore filed herein by the defendants to strike out parts of amended complaint herein is sustained in part, to which ruling plaintiffs except, and overruled in part, to which ruling defendants except; and said motion and the rul-

ings thereon are now, by order of the court, made a part of the record in this cause without a bill of exceptions."

Afterward the appellants demurred to the first and second paragraphs of the complaint separately, and the demurrer was overruled; but except as it may be inferred from the filing of this demurrer and the ruling thereon, that the second paragraph of the complaint was not struck out as a whole, it does not appear what portions of the complaint were struck out or what portions referred to in the motion were retained.

It is incumbent upon the appellant to bring to this court a perfect record, so that as to any action of the court below because of which a reversal of the judgment is sought we may learn with certainty from the record what the ruling complained of was based upon.

We can not decide that the court erred in overruling a demurrer to a complaint unless we know what were its allegations.

A complaint, it is true, may be insufficient whether certain of its allegations be struck out or retained, but we do not regard it as the duty of an Appellate Court to examine a complaint for the purpose of reversing the judgment where any uncertainty exists as to what facts were alleged in the pleading.

By reason of this imperfection of the record we can not, with certainty, determine the exact character of the issues tried, and therefore we can not satisfactorily and properly examine into the reasons assigned for a new trial.

The judgment is affirmed.

Filed Dec. 11, 1892.

## On Petition For a Rehearing.

Black, J.—This cause was determined by this court on the 11th of December, 1891. A petition for a rehearing was filed by the appellants on the 10th of February, 1892. This

was too late, not being within sixty days after the determination of the cause. Section 662, R. S. 1881; *Board, etc., Brown,* 14 Ind. 191; *Hutts* v. *Bowers,* 77 Ind. 211; *Armstrong* v. *Harshman,* 93 Ind. 216 (218). Therefore the petition must be rejected. We take occasion, however, to notice the earnest and manifestly candid contention of the learned counsel who insist that the record sufficiently shows the issues which were tried.

In the motion to strike out parts of the complaint, the words or sentences in the complaint to which the motion was directed were designated in such a manner that we have no proper means of ascertaining satisfactorily the portions of the complaint to which the motion in greater part referred.

The following quotations from the motion will serve for illustration :

" Beginning with the word ' on,' page 1, line 20, and ending with the word ' afterwards,' page 2, line 7; and, also, all of the exhibits A and B attached to and filed with said paragraph of complaint."

"All of line 9, on page 2."

Nine clauses of the motion relate to portions of pages 1, 2, 3, 5 and 6 of the complaint as it appeared on file in the court below. The tenth clause relates to all the second paragraph of the complaint. The eleventh, twelfth and thirteenth clauses relate to portions of the second paragraph of the complaint, on pages 6, 7 and 8 of the complaint as presented to the court below, such portions being described (as in the clauses relating to former pages) as certain words or characters on designated lines and pages of the complaint, or as portions of the complaint, beginning at a quoted word on a designated line and page and ending at a quoted word on another line. The eleventh clause also relates to exhibits A and B referred to in the second paragraph of the complaint.

Counsel say that out of their desire to simplify the work of this court they undertook to specify in the transcript of

the record those portions of the complaint against which the motion was leveled, and that they showed such portions by underscoring and by parenthetical marks.

It can hardly be necessary to say that such indications made by counsel in the record can not be followed or noticed by this court. The record must speak for itself.

An amended complaint was filed, and the transcript contains such a paper. We are informed by the record that the court struck out some part or parts, which of course thereupon ceased to be parts of the complaint, and they therefore did not enter into or help to form the issues which were tried.

We can not learn by any legitimate method what portion of the amended complaint was retained; that is to say, the record does not present the issues.

The petition for a rehearing is rejected.

Filed April 16, 1892.