Filed April 4, 1895.

---

No. 1,418.

## THE ALEXANDRIA BUILDING COMPANY ET AL. *v.* McHUGH.

MECHANIC'S LIEN.—*Finding as to Time of Completion of Work.—Conflicting Evidence.—Appellate Court Practice.*—In an action to enforce a mechanic's lien, where the court has found that the work was completed at a certain time, the appellate tribunal can not disturb the finding when the evidence as to such fact is conflicting.

SAME.—*Admissions of Contractor's Son and Servant, When not Binding.*—Admissions of the contractor's son, while working for his father, that the time for filing liens for the work done by his father had expired, could not bind the father, where the statements were not made in the father's presence and were unauthorized by him.

SAME.—*Quære.—Reviving Right of Lien.—Laches.*—After the contract has once been completed, and the statutory limitation begins to run, can a party revive an expired right of lien which he has lost in consequence of laches, by performing some work in the house, such as merely patching the plastering after work has been substantially completed?

From the Madison Circuit Court.

*L. B. Jackson, M. A. Chipman, S. M. Keltner* and *E. E. Hendee,* for appellants.

*A. C. Conn, W. A. Sprong, W. S. Diven* and *E. B. McMahan,* for appellee.

Ross, C. J.—This was an action brought by the appellee against the appellants to foreclose twenty mechanics' liens upon as many separate lots in the city of Alexan-

dria. From the judgment foreclosing these liens this appeal is taken.

There is but one specification of error in the assignment in this court, namely, "The court erred in overruling the motion for a new trial."

The first question we are called upon to consider is: When does this time designated by the statute within which notice of the intention to hold a lien commence to run?

The statute, section 7257, R. S. 1894 (Ell. Supp. section 1690), provides that the notice must be filed within sixty days after performing the labor or furnishing the material, for the value of which a lien is sought. If the notice is not filed within that time no lien attaches.

The appellants contend that the labor performed by appellee, and for which he filed the notices set out in his complaint, was performed, on a part of the houses in January, and on the others during the months of March and April, while the contention of appellee is that although appellant did a part of his work at that time he did not complete it until the 13th day of June, and on the 12th day of July of the same year, 1893, he filed his notices of his intention to hold a lien. The question as to when the work was done was in dispute, and there is evidence from which the court might have found that the labor was performed at the time claimed by appellants, and there is evidence to support its finding that the labor was not fully performed until the time claimed by appellee. With this conflicting evidence this court has nothing to do, and the court below having found that the time when the labor was completed was in June, we can not disturb the finding. That being a question of fact to be found by the court, its finding will not be disturbed if there is any evidence to support such finding.

By a series of questions propounded to the witness,

William E. McHugh, a son of appellee, the appellants sought to prove that the witness, while working for his father, admitted that the time for filing liens, for the work done by appellee, had expired. The court sustained appellee's objections to the questions. In this there was no error. The appellant could not be bound by any statements of his son, made in his absence and which he had not authorized the son to make.

There is no error in the record.

Judgment affirmed.

Filed Feb. 28, 1895.

## On Petition for a Rehearing.

Ross, C. J.—A petition for a rehearing has been filed by the appellant, wherein counsel say: "The question sought to be raised by the appeal in this case, and which the appellant hoped to have the court decide, is not covered by the decision in this case, and the appellant respectfully asks the court to decide the question which it pressed upon the court in its original brief. The question has not yet been decided in Indiana, although it has been decided in a number of other States. It is a question of great importance to mechanics and materialmen, as well as to the owners of property being constructed. The question is one of law. It is this: After the contract has been once completed and the statutory limitation begins to run, can a party revive an expired right of lien which he has lost in consequence of laches, by performing some work in the house, such as merely patching the plastering after work has been substantially completed?"

While counsel affirm that there is no conflict in the evidence upon the question which they seek to have the court decide, we are compelled to differ from them; for upon the question as to when the buildings were com-

pleted, this was a controverted question, the appellants claiming one time and the appellee another. Had the buildings been completed at the time when appellants contend they were completed, and the appellee failed to file notice of his intention to hold a lien within the time designated by the statute, his right thereto would have been lost.

