Filed June 10, 1896.

---

No. 1,907.

### GIFFORD *v.* HESS ET. AL.

APPELLATE PROCEDURE. — *Pleading.—Demurrer to Argumentative Answer.—Harmless Error.*—There is no available error in sustaining a demurrer to a special and argumentative denial set up in an answer, where there is an answer of general denial which forms

the same issue, requires the same proof and admits the same defense as the answer stricken down.

SAME.—*Record.—Bill of Exceptions.—Signature and Filing.—*The bill of exceptions must be prepared by the party, tendered to and signed by the judge, and thereafter filed with the clerk as a paper in the case.

SAME.—*Evidence, When Part of the Record.—*The longhand manuscript of the evidence does not become a part of the record until it is embraced in a formal bill of exceptions, signed by the judge, and filed as such with the clerk.

SAME.—*Weight of Evidence.—*This court will not interfere with the verdict of a jury as being against the weight of the evidence, where there is a reasonable amount of evidence to support it, although there seems to be a preponderance thereof against it.

From the White Circuit Court.

*S. P. Thompson, A. W. Reynolds* and *A. K. Sills,* for appellant.

*Sellers & Uhl,* for appellees.

Ross, J.—The appellant filed his complaint in the court below, alleging therein, in substance, as stated in appellant's brief, that Jeremiah Hess, the husband of the appellee, on June 1, 1893, represented to appellant, in the presence and hearing of the appellee, Evaline Hess, that he was the owner of certain lands, and thereupon made and entered into the following contract, to-wit:

"Whereas, the undersigned, Jeremiah Hess, owns the southwest quarter of the southwest quarter of section twenty-one, in township thirty north, range five west of the 2 p. m.; also the northwest quarter of the northwest quarter of section twenty-eight, same town and range, in Jasper county, Indiana, and Benjamin J. Gifford owns, in said county, lands in section twenty-nine, same town and range, which he proposes to drain. And, whereas, the proper drainage of said tract of land of Hess is across the land of Gifford, and through the ditch or ditches which the said Gifford

proposes to make. Now, it is hereby agreed, by and between the parties aforesaid, that if the said Gifford shall construct a dredge ditch upon his land, with a tile lateral extending to the boundary line of the said Hess's land, of the size he may desire to buy, the undersigned shall pay to him, the said Gifford, the sum of $200.00 whenever said ditch shall be so constructed, after the dredge ditch shall have been constructed by him to the Iroquois river; and thereupon the same undersigned shall have the right for himself, his heirs, executors, administrators, and assigns, forever to connect with said ditch, and to drain their said land through the said ditch or ditches so constructed by the said Gifford; and that this agreement, being put on record in said county, shall operate as a public notice of the rights of the undersigned to the easement herein provided for, and the right of the said Gifford to the money herein stipulated to be paid upon his performance of the conditions aforesaid; and he, the said Gifford, shall have a lien upon said tract of land for said sum of money. It is provided, however, that the said undersigned may have, at his request, and the payment of interest thereon in advance, at the rate of seven per cent. per annum, an extension of time in which to pay said sum of money, for a period, to-wit: One-third thereof for one year, and one-third for two years.

"Such request being made and interest paid at the time when said money may become due.

"It is further agreed, by and between the parties, that should said ditch so built to said line be a tile ditch, the water from said land shall be carried thereto only in a tile ditch or ditches, and that no adjacent land-owner shall be permitted to connect therewith, or be permitted to carry water from his land across the tract aforesaid in any ditch, either open or

covered, to the ditches so made by the said Gifford, unless terms shall be first agreed upon between said owner and the said Gifford.

"It is further provided, that should the land of the undersigned, above described, be assessed for the purposes of constructing the ditch or ditches above contemplated, the said Gifford shall pay said assessments, otherwise this agreement in that case shall be null and void.

"This agreement made and entered into, this 1st day of June, 1892.

(Signed)     "JEREMIAH HESS."

That in fact the land belonged to and was owned by his wife, but that with her knowledge and consent, and as her agent, he assumed to, and did, make said contract, which was for the betterment and improvement of said land; that the plaintiff had no knowledge to the contrary, but relied upon the relation assumed by the said husband, in the presence and hearing of his said wife; that the said husband, instead of using the name of his principal, the said Evaline Hess, in fact, did use his own name in executing the said writing; that the name of the wife, who was to receive, and did receive, the full consideration to be performed by appellant, was not used in making said written contract, although such contract was, in fact, authorized to be made by said Evaline Hess; that appellant, in good faith, accepted said contract as the contract of the owner of said land, as represented therein, and appellant, on his part, without knowledge of the principalship of the wife, fully complied with his part of the said contract to his damage and to the benefit of, said wife, as the owner of the land, in the sum of $200.00. It is alleged that the husband, with full knowledge and consent of his wife and for her, but in

his own name, made the contract. It is also alleged that the husband assumed to act, and did act, as principal in making the said written contract; that the wife participated in and agreed to each and every oral negotiation preceding the making of the said written contract, and to all the provisions embodied in said written contract, and fully authorized the husband to make the said contract for her and in her behalf, but that the husband executed the writing in his own name, and not in the name of his wife. It is alleged that the wife agreed orally to pay the appellant $200.00 when the appellant had constructed the dredge ditches and tile ditch as an outlet to her land. It is also alleged that appellant fully constructed said outlet tile and dredge ditches at great expense, which labor was accepted by the said wife; that she knew of the work and encouraged the same to be done; that appellant demanded payment, and no extension of time was demanded; wherefore, the complainant says, the sum of $200.00 is due him from both of the defendants.

To the complaint, the appellee, Evaline Hess, filed an answer in four paragraphs, the first being a general denial, and the others denying special allegations of the complaint. To the second, third, and fourth paragraphs of her answer, appellant demurred for want of facts, the demurrers were overruled, and these rulings are assigned as error here.

Each of these answers contains allegations of fact, which are simply negations of facts alleged in the complaint. Such pleas are nothing more than special or argumentative denials, and are not to be considered, neither are their sufficiency to be determined by the same rules that apply to answers in confession and avoidance. Where a party files an answer of general denial, and also other paragraphs, which are

mere special or argumentative denials, there is no available error in sustaining demurrers to such special or argumentative denials, for the reason that the answer of general denial forms the same issues and requires the same proof and admits the same defense as those stricken down. In this case, the general denial cast upon the appellant the burden of proving the material allegations of his complaint, and when the appellee, Evaline Hess, by her special denials, denied particular facts alleged in the complaint, and which were necessary to the statement of a cause of action against her, she did not thereby confess the allegations of the complaint as to such facts, and assume the burden of establishing their falsity. An argumentative denial is sufficient to withstand a demurrer for want of facts. *Hostetter* v. *Auman,* 119 Ind. 7.

From the facts, which were specially found by the jury, it is manifest that the appellant failed, as against the appellee, Evaline Hess, to establish the material allegations of his complaint, hence, it affirmatively appears that the appellant could not have been harmed by the ruling of the court on the demurrers to these paragraphs of the answer, for the reason that his failure to recover did not rest upon proof of the facts alleged in these answers, but on his failure to prove the facts alleged in his complaint.

Appellant alleged, in his complaint, that Jeremiah Hess as the agent of his wife and in her presence and with her knowledge and consent, executed the contract sued on, and yet the jury found that she was not present and had no knowledge of its execution; that she did not authorize her husband to sign the contract, and she never ratified or adopted it as her own, but that, on the contrary, she objected even to her husband signing it. In fact, as to almost every material

fact alleged in the complaint, tending to make a cause of action against the appellee, Evaline Hess, the jury has found against the appellant.

There was no error in overruling appellant's motion for a *venire de novo*. The verdict is regular in form, sets out the facts found and assesses damages.

The last specification of error assigned is that "The court erred in overruling the appellant's motion for a new trial."

Under this specification, counsel argue at some length to show that appellant proved all of the material allegations of his complaint, and our attention is called to parts of the evidence which tend to sustain their contention. The rule of this court is that the evidence will not be examined and considered, although copied into the transcript, unless it has been made a part of the record by proper bill of exceptions. It is not only necessary that a proper bill be prepared by the party, and tendered to and signed by the judge, but after it has been signed by the judge, it must be filed with the clerk as a paper in the cause. To file it before signed, will not answer, because it is not properly a bill of exceptions until signed by the judge. The statute provides that the original longhand manuscript of the evidence may be filed with the clerk, section 1410, R. S. 1881 (section 1476, Burns' Rev. 1894), but that does not constitute it a bill of exceptions. Until it is embraced in a formal bill of exceptions, signed by the judge and filed as such with the clerk, it does not become a part of the record. The filing, after it has been signed by the court, is as necessary, in order that it become a part of the record, as the signing. In the transcript before us, what appears to be the longhand manuscript of the evidence, has upon it the file mark of the clerk of the trial court, indicating that it was filed on the 21st day of June,

1895. And the clerk, by his certificate attached to the transcript, certifies that he has incorporated in the transcript, at the request of appellant, "the original manuscript of evidence made by Lucy S. Taylor, official reporter of said cause, and filed in my office on the 21st day of June, 1895." And by a recital of the clerk in the transcript, it is made to appear that "on the 21st day of June, 1895, the plaintiff in the above entitled cause filed in the office of the clerk of the circuit court of said county, his bill of exceptions in said cause, reading in the words and figures following, to-wit: Then follows a formal bill of exceptions, embraced in which is the long-hand manuscript of the evidence above referred to. The certificate of the court attached to the bill shows that the bill was tendered and signed on the 22d day of June, 1895. The statue is imperative, and requires that when the judge has signed a bill of exceptions it shall be filed, and "when so filed, it shall be a part of the record." It is not a bill of exceptions, entitling it to be filed as a paper in the cause, until signed by the judge. *Ayres* v. *Armstrong*, 142 Ind. 263. The certification by the judge is what gives to the bill verity, and entitles it to be filed as a bill, and until signed cannot properly be filed, but after it has been signed it must be filed to make it a part of the record. *Jamison* v. *State, ex rel.*, 13 Ind. App. 294. The record nowhere shows that the bill copied into the transcript was ever filed after it was signed by the judge.

We have given the evidence sufficient examination, however, to see that it is conflicting upon most of the material questions in issue. If the evidence most favorable to the appellee, Evaline Hess, is to be considered at all, there is evidence to sustain the verdict. When there is any reasonable amount of evidence to sustain a verdict, a reversal will not be ordered, even

though, when taking all of the evidence together and considering it as a whole, there seems to be a preponderance against the conclusion of the jury. The only question which the Appellate Court will undertake to determine, is whether or not there is any substantial amount of legal evidence tending to support the verdict. While in this case, so far as the number of witnesses is concerned, the evidence appears to preponderate on many questions in favor of the appellant, there is substantial evidence to sustain every material finding in the verdict.

The ruling sought to be invoked by appellant is that the appellee, Evaline Hess, is estopped to deny her liability because she stood by and permitted her husband and the appellant to make the contract, without objection. Counsel call special attention to all that part of the evidence tending to prove that she did not object, but there is evidence to which counsel has not called attention, which shows, not only that she was not present when the contract was entered into, but that she had no knowledge that it had been executed until after appellant had departed. None of the elements of estoppel are deducible from the facts found by the jury in their verdict, and giving to the evidence the construction most favorable to appellant, which is not the rule, still we think it falls far short of establishing such a state of facts as would estop the appellee, Evaline Hess, from denying any liability on her part under this contract. The contract was the personal contract of the appellee, Jeremiah Hess, and there is nothing to show that she even knew or understood that her land was to be holden for payment.

There is no reversible error in the record.

Judgment affirmed.

Filed April 21, 1896; petition for rehearing overruled June 10, 1896.