## DeKalb National Bank *v.* Nicely, et al.

[No. 2,667. Filed Nov. 16, 1899. Rehearing denied Feb. 20, 1900.]

PLEADING.—*Answer.*—A paragraph of answer addressed to the whole complaint must state a sufficient defense to the entire complaint to render it sufficient on demurrer. *p. 149.*

APPEAL AND ERROR.—*Pleading.*—Where one paragraph of a complaint is not in the record, the action of the court in overruling a demurrer to an answer addressed to the whole complaint will be presumed to be correct, if the answer stated a good defense to the paragraph of complaint in the record. *p. 149.*

PLEADING.—*Fraud.*—*Bills and Notes.*—An answer to a complaint in an action on a promissory note, alleging that the note was executed by the answering defendants with the other defendants in payment for a certain stallion, of which all of the makers were to become the owners, and that, in pursuance of a conspiracy between the other defendants and the payee, they represented that they had purchased the horse with a written guaranty as to his qualities, when in fact there had been no sale, but, instead, one of the other defendants had been paid for his services in procuring the answering defendants to execute the note, and that the horse proved to be entirely worthless and of no value whatever, was sufficient to show fraud. *pp. 149, 150.*

DeKalb Nat. Bank *v.* Nicely.

APPEAL AND ERROR.—*Record.*—*Motion to Strike Out Part of Complaint.*—The action of the court in sustaining a motion to strike out part of the complaint is not properly presented for review where it is not made to appear certainly what portion was struck out. *pp. 150, 151.*

SAME.—*Record.*—*Incomplete Transcript.*—Alleged error in overruling a motion for judgment on answers to interrogatories and for a new trial will not be considered on appeal, where the transcript is incomplete and does not show the issues tried. *p. 152.*

From the Randolph Circuit Court.   *Affirmed.*

*S. R. Bell, J. B. Ross, J. J. Cheney, J. W. Macy* and *J. P. Goodrich,* for appellant.

*Theodore Shockney, J. S. Engle* and *W. G. Parry,* for appellees.

BLACK, J.—The appellant by its complaint in one paragraph sought to recover upon a joint and several promissory note payable at a certain bank in this State, indorsed before maturity for value and in the regular course of business by the payee to the appellant, the action being against the makers.   After the commencement of the action, the appellant filed its second paragraph of complaint, which is not in the transcript of the record.   In the place where it should have been copied, in parenthesis, are the words "Second paragraph not with the files."   Afterward, the defendants, except Daniel J. Nicely and D. J. McFarland, filed their answer consisting of three paragraphs, the first being a general denial.   A demurrer to the second and third paragraphs having been sustained, the same defendants filed additional paragraphs of answer, numbered fourth, fifth, and sixth, each being a special answer of the defendants, except said Nicely and McFarland, and each being directed to the entire complaint.   The record states that the defendants also filed another pleading, called in the record entry their cross-complaint, and in the place where a copy thereof should have been inserted in the transcript are, in parenthesis, the words "Cross-complaint not with the files."   The plaintiff demurred to each of the fourth, fifth, and sixth paragraphs of amended

answer. The court overruled this demurrer, and the plaintiff filed its reply to these paragraphs of answer. The court then sustained a motion of the defendants to strike out parts of the complaint, and the answer of general denial was withdrawn. The court overruled the motion of the appellant that it be allowed the opening and closing of the cause at the trial. The cause was then tried by jury, and a general verdict for the defendants was returned with answers of the jury to interrogatories. The motion of the appellant for judgment in its favor upon the answers to the interrogatories, notwithstanding the general verdict, was overruled, and judgment was rendered on the verdict in favor of the defendants for costs. The appellant then moved for a new trial, and the motion was overruled.

Counsel have discussed the action of the court in overruling the demurrer to each of the fifth and sixth paragraphs of answer. To render either paragraph sufficient on demurrer, it must have presented a sufficient defense to the entire complaint, one paragraph of which is not before us. If these answers presented good defenses to the first paragraph of complaint, which is in the record, we, presuming in favor of the action of the court below where error is not shown by the record, could not say that the demurrer should have been sustained, for we could not know that the answers were not sufficient on demurrer as to the second paragraph of complaint. If they did not present good defenses to the first paragraph, the demurrer should have been sustained, whether the second paragraph was good or bad. The court decided that they set forth sufficient defenses to the first paragraph of complaint, which is in the record, as well as to the second paragraph, which is not in the record. Therefore, if the answers in question were insufficient as to the first paragraph of complaint, the court erred in overruling the demurrer, and the record shows the error.

The fifth and sixth paragraphs of answer were each quite lengthy. They were based upon substantially the same kind

of defense set out with somewhat greater fullness and particularity in the sixth paragraph than in the fifth. The fifth paragraph set up a fraudulent conspiracy between Ellwood, the payee, and Nicely, one of the makers, and the sixth set up a like conspiracy between Ellwood, the payee, and Nicely and McFarland, two of the makers. While some of the alleged false and fraudulent representations by which the defendants joining in the answer were averred to have been induced to execute the note were, when separately considered, expressions of opinion, or promises, rather than representations of matters of fact, yet we are inclined to think enough was shown in each paragraph to constitute fraud. It was shown that the note, with others of like tenor, was executed by the answering defendants with Nicely and McFarland to Ellwood, in payment for a certain stallion, of which all the makers were to become the owners; that, in pursuance of a conspiracy between Ellwood and Nicely, or between Ellwood and Nicely and McFarland, these parties falsely represented to the answering defendants that Ellwood had sold the horse, with a certain written guaranty as to his qualities, to Nicely, when there had been no sale; but Nicely was paid by Ellwood for his services, and, as a result of the conspiracy and the various false and fraudulent representations made in pursuance thereof, and sufficiently alleged, including the representation that the horse had been sold to Nicely for a large price for breeding purposes, the answering defendants were induced to execute the notes for a horse which proved to be entirely worthless and of no value whatever, and which was in the sixth paragraph alleged to have died, because of his diseased condition, while on the way to be returned by Nicely to Ellwood. Each paragraph alleged the taking of the note by the appellant with notice and knowledge of the fraudulent manner in which it was obtained.

The action of the court in sustaining the motion to strike out a part of the complaint is not properly presented for

review, for the reason that it is not made to appear with sufficient certainty what parts were struck out. The motion designated the parts to which it related as the parts beginning at and with a certain line on page two of the complaint, and ending with a certain other line of the same page, being that part of the complaint which alleged and declared as to the value of attorney's fees for the plaintiff's attorneys. This reference is to the complaint as it was in the court below. The motion does not designate the paragraph from which a part was struck out. We do not know whether or not the second paragraph contained like matter. When the portion in question was struck out, it no longer formed a part of the complaint, and the statement of the motion that it was the part of the complaint which alleged and declared as to a certain subject does not bring it into the record, or sufficiently inform us as to what it did allege and declare. If at the time of the trial the complaint did not contain any averment relating to the recovery of attorney's fees, then, the answer in denial having been withdrawn, there could be no error in denying the request of the plaintiff for permission to open and close, and without an affirmative showing of error we can not overthrow the decision of the trial court.

It appears from what we have said that, when the cause was tried, there had been filed, and it must be presumed there continued to be on file, two paragraphs of complaint, of the contents of one of which we know nothing, and that some portion had been struck out of the complaint, probably out of the first paragraph, though this is not as certain as such a matter should be. What part, what language, was struck out is not sufficiently indicated. Three special paragraphs of answer directed to the entire complaint as it was before a part of it was struck out remained on file, and a pleading spoken of in the clerk's entry as a cross-complaint had been filed by the defendants before the motion to strike out part of the appellant's complaint. This so-called cross-complaint does not appear to have been withdrawn, but of its contents or legal effect we are not informed.

The appellant has presented to us a transcript which does not certainly show what issues were tried. In view of this condition of the record, we can not determine that the court erred in overruling the appellant's motion for judgment in its favor on the answers to interrogatories, notwithstanding the general verdict which was rendered upon issues not certainly presented to us, or that there was error in overruling the motion for a new trial. We must know exactly what questions of fact were on trial to enable us satisfactorily to pass upon the evidence or the instructions to the jury. *Fairbank* v. *Lorig*, 4 Ind. App. 451. Doubt concerning the structure of the issues must be resolved against the appellant, who must be treated as responsible for any incompleteness in the transcript, and no mere conjectures, however plausible, will· be indulged to make out error.

The judgment is affirmed.