UNION CITY ELECTRIC LIGHT AND POWER COMPANY *v.* JAQUA, ADMINISTRATOR.

[No. 3,193.   Filed Oct. 31, 1900.   Rehearing denied Jan. 24, 1901.]

TRIAL.—*Instructions.—Signing.*—It is not error to refuse instructions which are not signed by the party asking the same, or by his attorney.  *p. 162.*

APPEAL AND ERROR.—*Instructions.*—Instructions given or refused must be made a part of the record by setting them out in a bill of exceptions or by order of court or by filing them as required by the statute, or they cannot be considered on appeal.  *p. 161.*

BILL OF EXCEPTIONS.—*Necessity for.*—Rulings made in the course of the trial and exceptions thereto must be shown by a bill of exceptions or they will not be reviewed on appeal.  *p. 162.*

APPEAL AND ERROR.—*Marginal Notes.*—Unless rule thirty of this court as to making marginal notes in the bill of exceptions showing the names of witnesses, etc., is complied with, questions which involve an examination of the bill of exceptions will not be considered. *pp. 162, 163.*

NEW TRIAL.—*Cause for.*—Error in overruling a motion for judgment on the answers to interrogatories notwithstanding the general verdict is not a cause for a new trial.  *p. 163.*

APPEAL AND ERROR.—*Specifying Objections.—Brief.*—A specification in an assignment of errors must designate the error relied on with reasonable definiteness and certainty, and appellant's brief must point out the place in the record where the alleged error is found. *p. 164.*

SAME.—*Pleading Struck Out.—Questions Presented.* — Where it is shown that parts of a pleading were struck out which are designated only by reference to the pages and lines of the pleading as origi-

nally filed, and this court is unable to determine how the pleading read after such parts were eliminated, questions as to the ruling of the trial court upon a motion for judgment on the special findings notwithstanding the general verdict, or upon the giving and refusal of instructions, and questions as to the sufficiency of the evidence will not be considered. *p. 164.*

From the Randolph Circuit Court. *Affirmed.*

*J. A. Shockney* and *T. Shockney,* for appellant.

*J. W. Ryan* and *W. A. Thompson,* for appellee.

BLACK, J.—The appellee, as administrator of the estate of John A. Reed, deceased, recovered judgment against the appellant for the death of said John A. Reed, alleged to have been caused by the appellant's negligence through his coming in contact with a wire rope used by appellant for the suspension of one of its electric lamps and for hoisting and lowering the lamp, said rope being fastened to an upright wooden pole adjoining the sidewalk of a street in Union City, within reach and touch of persons passing along the sidewalk, where the appellee's intestate came in contact with it when it had become charged with a deadly current of electricity.

A considerable portion of the argument on behalf of the appellant is devoted to matters not presented by the record in such manner as to require this court's decision upon them. Thus, counsel argue at length concerning one of the instructions said by them to have been given to the jury, and concerning the alleged refusal of the court to give certain instructions on the request of the appellant; but, as counsel for appellee have indicated in argument, while none of the instructions requested or of those given are set forth by bill of exceptions, the record does not show that the instructions given or those requested were filed as part of the record, as required by the statute, or that the instructions given by the court of its own motion were signed by the judge, or that any of those requested by a party were signed by the

party or his attorney asking the same.   See *Riley* v. *Allen,*
154 Ind. 176; *Green* v. *Eden,* 24 Ind. App. 583; *Week*
v. *Widgeon,* 23 Ind. App. 405; *Hall* v. *State,* 23 Ind. App.
521.

The action of the court in sustaining a motion to sup-
press certain interrogatories which the appellant requested
the court to submit to the jury is discussed by counsel, but
the appellant failed to save an exception to such action of
the court by bill of exceptions.   Therefore the argument
upon such question is of no avail.

One of the causes in the appellant's motion for a new
trial was alleged error of the court in receiving the general
verdict and the jury's answers to interrogatories in the ab-
sence of the appellant, and without giving the appellant an
opportunity to require the jury to answer more definitely
certain interrogatories, and without giving appellant's at-
torney an opportunity to move to require the jury to sepa-
rately and severally more definitely answer said interroga-
tories, and in discharging the jury in the absence of the
appellant or its attorney without giving the appellant or its
attorney such opportunity.

There is nothing whatever in the record indicating even
remotely the truth of this cause in the motion for a new
trial, and counsel for the appellant admit, correctly, the
futility of argument upon the subject without a presenta-
tion of the matter by bill of exceptions.

In the bill of exceptions containing the evidence there are
nearly 600 typewritten pages.   In the transcript preceding
this bill and containing the other portions of the record, the
appellant has complied with the rule relating to marginal
notes, but has wholly failed to make any marginal notes in
the bill of exceptions.   Rule thirty of this court, besides
requiring the transcript to be paged and the lines of the
pages to be numbered, provides that the appellant shall
cause marginal notes to be placed on the transcript in their
appropriate places, indicating the several parts of the plead-

ings in the cause, the exhibits, if any, the orders of the
court, and the bills of exceptions; and that where the evi-
dence is set out by deposition or otherwise, the names of the
witnesses shall be stated in the margin, etc.

Among the causes stated in the appellant's motion for a
new trial and meagerly argued are a large number question-
ing rulings of the court relating to the examination of wit-
nesses on the trial; also the specification that the verdict is
not sustained by sufficient evidence.

To give consideration to these matters would involve the
examination of the bill of exceptions as to which the appel-
lant has neglected to comply with the express requirements
of the rules of this court, as above indicated.    It has been
held that such rules have the force and effect of rules of law,
and that parties and counsel must obey them; that they are
not merely directory, and may not be ignored or disre-
garded; and that it is not only the right, but the duty, of
the court to enforce them.    *Smith* v. *State,* 137 Ind. 198;
*Smith* v. *State,* 140 Ind. 340; *Harrod* v. *State,* 24 Ind.
App. 159.

Where there is a general disregard of the rule in question
in the preparation of a transcript for this court, the appeal
may properly be dismissed; and where, as here, in the en-
tire portion of the record relating to the proceedings upon
the trial there is a failure to make any of the marginal notes
expressly required by the rule, it would seem to be the duty
of this court not to consider questions for whose proper
determination an examination of the portion of the record
thus deficient would be required.

The fifty-ninth cause in the motion for a new trial was:
"The court erred in overruling the defendant's motion for
a judgment on the interrogatories, notwithstanding the gen-
eral verdict;" and counsel for appellant have devoted some
portion of their brief to a discussion of this cause for a new
trial.    Plainly, if there could be any error in overruling
such a motion, it would not be cause for a new trial.

There is a specification in the appellant's assignment of errors, which is not discussed in argument, as follows: "The court erred in overruling appellant's motion for a judgment on interrogatories, notwithstanding the general verdict."

If we should be disposed to apply the argument of appellant upon the fifty-ninth cause for a new trial to the assignment of error above quoted, in similar language, yet counsel have not in that argument referred to the place in the record where a motion of the appellant for judgment may be found; and if there was a motion in the language of the quoted specification in the assignment of errors, it could not be treated as a motion properly presenting any question to the trial court, and if there was a materially different motion the assignment of error would not be applicable to it.    See *Storrs & Harrison Co.* v. *Fusselman,* 23 Ind. App. 293.

There was an affirmative answer in a single paragraph which in the typewritten transcript is four pages in length, with an exhibit four pages long.    The court upon motion struck out a number of parts of this answer, but in the record entry before us these parts are indicated by references to pages and lines of the answer filed in the court below, and therefore it is impossible to determine with the requisite certainty what parts were struck out.    The reply was a general denial, filed after the court had so struck out parts of the answer.

Therefore, the appellant has brought to this court a transcript which does not show certainly the issues tried.    In such a case this court will not pass upon the action of the trial court in overruling an appellant's motion for judgment in his favor upon the special findings notwithstanding the general verdict, or upon the question as to the sufficiency of the evidence, or upon the action of the court in giving or in refusing to give instructions.    See *Fairbank* v. *Lorig,* 4 Ind. App. 451; *DeKalb Nat. Bank* v. *Nicely,* 24 Ind. App. 147.

Judgment affirmed.