## KERN *v.* RAVENCROFT.

[No. 3,243.   Filed Dec. 11, 1900.   Rehearing denied March 26, 1901.]

APPEAL AND ERROR.—*Waiver of Error.*—Specifications in an assignment of error which are not discussed are waived.   *p. 413.*

SAME.—*Bill of Exceptions.—Instructions.*—A bill of exceptions containing the instructions is not properly in the record where it is not affirmatively shown that the bill was filed with the clerk after it was signed by the judge.   *p. 414.*

SAME.—*Bill of Exceptions.—Instructions.*—The original bill of exceptions containing the instructions cannot be brought into the record, but must be made a part of the record by copy.   *pp. 414, 415.*

From the St. Joseph Circuit Court.   *Affirmed.*

*T. E. Howard, J. G. Orr, A. L. Brick, D. D. Bates, J. D. Henderson* and *S. McKibbin,* for appellant.

*J. F. L. Meyer* and *A. D. Harris,* for appellee.

HENLEY, C. J.—The appellant was the owner of a brick building in the city of South Bend, Indiana, the second story of which was arranged in suites of rooms and was rented by her to families.   At the rear of this building was a stairway for the general use of her tenants and which led down into the back yard to a path leading to a privy vault. The appellee was a visitor of one of the tenants in appellant's said property.   She went out upon said stairway, when the same, on account of its defective condition, fell and caused the injuries for which this action was brought. It is averred in the complaint that it was the duty of the appellant to maintain such a stairway, and that she failed in that respect, and that she had knowledge of its defective condition.

There are two specifications of the assignment of error; (1) that the complaint is insufficient; (2) that the court erred in overruling appellant's motion for a new trial.   The first specification is not discussed, and, under the well settled rule, any question raised by it has been waived. Under the second specification, counsel for appellant have

filed a very able argument upon the leading question grow-
ing out of the giving of certain instructions to the jury on
the trial of the cause; but we are met by the objection
brought to our attention by counsel for appellee that the bill
of exceptions which purports to bring the instructions given
by the lower court to the jury is not properly in the record
for the reason that it nowhere appears that such bill was
filed with the clerk after it was signed by the judge. Such
filing is absolutely necessary and it must be shown by an
entry affirmatively showing such fact, or a certificate of the
clerk to that effect. In this case neither has been done. The
file marks of the clerk upon the record are not sufficient to
show that fact in a court of appeal. This question was
passed upon and the authorities collected in the case of
*McCormick, etc., Co.* v. *Smith,* 21 Ind. App. 617. See,
also, *Mills* v. *Byram,* 16 Ind. App. 698; *Gifford* v. *Hess,* 15
Ind. App. 450; *Peerless Stone Co.* v. *Wray,* 143 Ind. 574.
It thus appears that the questions sought to be raised by ap-
pellant are not presented by the record.

The judgment is affirmed.

## On Petition for Rehearing.

Henley, C. J.—Counsel for appellant have filed an
earnest petition for a rehearing in this cause, in which it is
claimed that the record shows that the bill of exceptions
containing the instructions given by the court to the jury
was filed in the lower court after having been signed by the
judge. Conceding that the record shows said fact, the
instructions are not in the record for another reason. The
bill of exceptions containing the instructions, which ac-
companies the record, is the original bill of exceptions filed
by counsel for appellant in the lower court. This is appar-
ent upon the face of the bill itself. The stencil file mark
of the clerk appears upon the bill in two places. The entire
bill as prepared by counsel for appellant, including the
cover, the indorsement, the O. K. mark of counsel for ap-

pellee, the signature of the trial court, in fact everything connected with the bill shows for itself that it is the original bill filed by counsel, and not a copy as required by law. The law does not authorize bringing into the record without copying any paper filed in the cause except the stenographer's longhand manuscript of the evidence. But even if the instructions were properly in the record, they were a correct and fair statement of the law applicable to the evidence and the issues in the case, and no error was committed in the giving of the instructions or of any one of them.

Petition for a rehearing overruled.