Broadstreet *v.* Hall.

---

## BROADSTREET *v.* HALL.

[No. 4,599.   Filed January 6, 1904.]

APPEAL AND ERROR.—*Bill of Exceptions.*—*Identification.*—A bill of exceptions is sufficiently identified where the order-book entry shows the filing of the bill of exceptions containing the evidence, the certificate of the clerk shows that the transcript contains the original bill of exceptions, and the certificate of the trial judge, attached. to the bill,, shows that it is the bill of exceptions and that it contains all the evidence.   *pp. 123, 124.*

SAME.—*Instructions.*—*Record.*—Where all of the instructions given and refused were, on motion, ordered filed and made a part of the record without bills of exceptions, and the certificate of the clerk shows that the transcript contains copies of all the instructions given and refused, and exceptions thereto, the instructions are in the record, though the clerk does not certify that the transcript contains a full and complete copy of the bills of exceptions containing the instructions.   *p. 124.*

EVIDENCE.—*Hearsay.*—*Principal and Agent.*—In an action for personal injuries caused by the alleged negligence of defendant's minor son in riding a horse against plaintiff, evidence that the boy told witness, before the accident, ˙that he was on an errand for his father was inadmissible.   *pp. 125, 126.*

DAMAGES.—*Instruction.*—*Evidence.*—Where in the trial of an action for personal injuries facts were given in evidence which were not proper to be considered in estimating damages, an instruction which, after stating correctly the facts proper for the jury to consider in determining the amount of damages they would award plaintiff, in case they found for her, added, "and all the facts and circumstances proved in the case," was erroneous. *pp. 127–129.*

From Putnam Circuit Court; *P. O. Colliver,* Judge.

Action by Mary M. Hall against Alexander G. Broadstreet. From a judgment for plaintiff, defendant appeals. *Reversed.*

*G. C. Moore, T. T. Moore* and *C. C. Matson,* for appellant.

*S. A. Hays, C. E. Akers* and *N. A. Whittaker,* for appellee.

WILEY, P. J.—Appellee sued appellant to recover damages for injuries alleged to have been caused by the carelessness and negligence of appellant's infant son in riding a horse upon and over her. Her complaint, upon which issues were joined and the cause tried, was in two paragraphs, to each of which a demurrer was overruled. Trial by jury, verdict and judgment for appellee. Appellant's motion for a new trial was overruled.

Overruling the demurrers to the complaint and the motion for a new trial are assigned as errors. The only questions discussed, however, are those arising under the motion for a new trial.

Appellee urges that the evidence and the instructions are not in the record, and hence no question is presented for decision. She admits that the order-book entry shows the filing of the bill of exceptions containing the evidence, and that the certificate of the clerk shows that the transcript contains the original bill of exceptions, but asserts that there is nothing in the record to identify it. This objection is highly technical and without substantial merit. The certificate of the trial judge, attached to the

bill, shows that it is the bill of exceptions, and that it contains all the evidence. The bill is sufficiently identified.

It is urged that the instructions are not in the record, for the reason that the clerk does not certify that the transcript contains a full and complete copy of the bills of exceptions containing the instructions, but that he certified the original papers. The record was made in compliance with a precipe filed with the clerk, and in such precipe the clerk was directed to make and certify a transcript of all papers, bills of exceptions, instructions, etc., except the bill of exceptions containing the evidence, and to include and certify such original bill. All the instructions given and refused were, on motion, ordered filed and made a part of the record, without bills of exceptions. The certificate of the clerk shows that the transcript contains copies of all the instructions given and refused, and exceptions thereto. The record showing that the instructions were signed by the judge, filed, and made part of the record, by order of the court, they will be regarded as being in the record. *Thompson* v. *Thompson,* 156 Ind. 276; *Pennsylvania Co.* v. *Ebaugh,* 152 Ind. 531; *Kern* v. *Ravencroft,* 26 Ind. App. 413; *Union City, etc., Co.* v. *Jaqua,* 26 Ind. App. 160.

In appellee's first amended paragraph of complaint the substantial averments are that Clyde Broadstreet, a minor son of appellant, while residing with him as a member of his family, and while performing services for him and under his direction, injured her by negligently riding appellant's horse against and over her upon a public highway. The third paragraph alleges that appellee's injuries were received and caused by the negligence of appellant in permitting his minor son to have the management and control of his horse, and in permitting his said son to ride said horse on the public highway, and on account of the boy's youth, want of strength, inexperience, and because

of his careless and negligent habits, and of his inability to control the horse, it got beyond his control and ran against and over appellee.

The undisputed evidence of the manner in which appellee was injured discloses the following facts:  Appellee was traveling east on a public highway.  She was in an open-top buggy, drawn by one horse, and was the guest of a Miss Foster, who had invited her to ride.  Appellant's son was riding a horse on the same highway, going in the opposite direction.  He was riding rapidly.  The driver of the buggy, as she approached the boy, turned south, which was to her right, so as to give a part of the traveled way to the boy so they could safely pass.  He did not slacken his speed, the horse collided with the buggy, and knocked appellee out.  She fell backward and was severely injured.  There is no evidence that the horse the boy was riding was wild, unruly, or hard to manage.

In his motion for a new trial, appellant questions the sufficiency of the evidence to support the verdict; predicates error upon the giving and refusal to give certain instructions, and in the admission of certain evidence. Curtis Rule was called as a witness for appellee, and was permitted to testify, over appellant's objection, to a conversation he had with Clyde Broadstreet, the son of appellant, who caused appellee's injury.  The conversation took place on the day of and before the accident.  After stating that he had had a conversation with Clyde, he was asked this question:  "You may tell the court and jury what he said, if anything, as to where he had been and where he was going."  To which he answered:  "I first asked him where he had been, and he said he had been to his grandfather's; and I asked him what for, and he said his papa told him to come there to tell Tutt to come and get his buggy that he bought."  The objection to the question was that it was a conversation with a third party in the absence of appellant.  Up to this point in the evi-

dence, no effort had been made to prove that appellant had sent his son on an errand, as his servant, to convey a message. It was in evidence that Clyde was his son, and was riding his horse. Under her first paragraph of complaint appellee seeks to fix liability upon appellant on the ground that Clyde was his servant, and in the line of duty, when he negligently caused her injury. The rule is firmly established that agency can not be proved by the declarations of the agent or servant. *Columbus, etc., R. Co.* v. *Powell,* 40 Ind. 37; *Rowell* v. *Kline,* 44 Ind. 290, 15 Am. Rep. 235; *Phenix Ins. Co.* v. *Pickel,* 3 Ind. App. 332; *Foss-Schneider Brewing Co.* v. *McLaughlin,* 5 Ind. App. 415, 419.

This court has held that admissions or statements by a contractor's son, while working for his father, that the time for filing liens for the work done by his father had expired, could not bind the father, where the statements were not made in the latter's presence, and were unauthorized by him. *Alexandria Bldg. Co.* v. *McHugh,* 12 Ind. App. 282.

If the evidence under consideration was hearsay, it was inadmissible, and hence not binding on appellant. It is evident that the sole purpose of eliciting the facts stated by the witness was to establish the fact that the boy was in his father's service. If the evidence was hearsay, it should have been excluded, unless it comes within some of the exceptions, and it is clear that it does not. It was not admissible as a part of the *res gestae,* for it was before the accident and wholly disconnected with it. The statement of the boy made to Rule did not accompany the act which he stated he had performed for his father, for it was after he had delivered the message, and he was a quarter of a mile away from his grandfather's. The evidence was not admissible. *American Express Co.* v. *Patterson,* 73 Ind. 430; *Pierce* v. *Goldsberry,* 35 Ind. 317; *Ohio, etc., R. Co.* v. *Hammersley,* 28 Ind. 371; *Meyer* v.

*Bell,* 65 Ind. 83; *Somers* v. *Somers,* 85 Ind. 599.   The evidence will be regarded harmful, for it goes to a vital question in the case as presented by the pleadings.

The court gave the following instruction, to which appellant reserved a proper exception: "No. 5.   In the event you find for the plaintiff, it will be your duty to assess such damages in favor of plaintiff as will fully compensate her for such injuries as she received by reason of the facts alleged in the complaint.   In determining the amount of such damages it will be proper for you to consider the physical condition of plaintiff both before and since the collision, mentioned in the complaint, the physical suffering and mental anguish experienced, if any, by reason of such injuries, the reduction of the power of plaintiff to perform labor by reason of such injuries, and all of the facts and circumstances proved in the case." After stating correctly to the jury what facts were proper for them to consider in determining the amount of damages they would award appellee, in case they found for her, the court added, "and all the facts and circumstances proved in the case."   It is the latter clause of the instruction to which objection is made.   If appellee was entitled to recover anything, it was only such damages as were occasioned by the accident resulting in her injury.   She was not entitled to recover any punitive damages.   Evidence went to the jury that the boy was between eight and nine years old, and lived with his father; that he was in the habit of riding his father's horses, and often rode rapidly; and that his reputation for recklessness in the management of horses was bad.   The instruction under consideration, as applied to all the facts which the court permitted appellee to prove, was erroneous.   It is not the province of the jury to determine the amount of recovery "from all the facts," but only from such facts as form proper elements for consideration in computing damages. The reason of this is self-evident.   If evidence goes to the

jury which has no bearing whatever upon the question of damages, and they are told that in the determination of that question they are to consider such evidence, or, in the language of the instruction, "all the other evidence and circumstances proved in the case," they have presented to them an incorrect basis from which to fix the amount of recovery. If there is any evidence which might lead to an incorrect assessment of damages, it is error to instruct the jury that it is their duty to consider "all the facts" in reaching a conclusion as to the amount of damages.

Thus, where an action was brought by an administratrix for the death of her husband, the court allowed evidence to go to the jury that the deceased left his family in destitute circumstances, and that others had been injured at the place where the deceased met his death. Upon the question of damages recoverable, the court instructed the jury as follows: "If you find for the plaintiff, in assessing her damages, you may take into consideration the age of the deceased, his habits and occupation, and from all the facts determine what amount the plaintiff should recover," etc. The instruction was held erroneous, because it told the jury that in determining the amount of plaintiff's recovery they might consider "all the facts." This broad statement included the fact that the trial court let evidence go to the jury, over the objection of the defendant, to the effect that the deceased left his family in destitute circumstances, and the further fact that others had been injured at the place where the deceased met his death. See *City of Delphi* v. *Lowery,* 74 Ind. 520, 39 Am. Rep. 98.

In actions to recover damages for personal injuries, there are, as a rule, distinct and controverted questions for determination. Such questions are to be determined by the facts elicited by the evidence which are pertinent thereto. In determining such controverted questions it is proper for the jury to consider all the facts bearing upon

and pertinent to them. Such facts may not have any bearing upon the measure of damages recoverable, and should not be considered in connection therewith. Thus it was held, in the case last cited, that it was proper for the jury to consider the fact that others had been injured at the place where the deceased was killed, upon the question of notice to the city of the unsafe condition, but that the jury had no right to consider it in the admeasurement of damages.

The evidence to the effect that appellant's son was in the habit of riding his horses, and riding them rapidly, and that his reputation for recklessness in the management of horses was bad, was clearly incompetent upon the question of the amount of damages appellee was entitled to recover. We are not saying that it was competent for any purpose that would bind the appellant. And yet the jurors were told by the court that they might consider such facts in determining the amount of damages they would award appellee. These facts would tend strongly to inflame the passions and bias the judgment of jurors. The rule is that where there are facts given in evidence which ought not to be considered in estimating damages, the instructions should inform the jury what facts should be considered by them in making their estimate, and not leave it to them to take into account facts which have no legitimate bearing upon the question of the amount of recovery. *City of Delphi* v. *Lowery, supra; Chicago, etc., R. Co.* v. *Becker,* 76 Ill. 25; *Steel* v. *Kurtz,* 28 Ohio St. 191; *Blake* v. *Midland R. Co.,* 10 Eng. L. & Eq. 437; *Telfer* v. *Northern R. Co.,* 30 N. J. L. 188.

These considerations lead to the conclusion that the judgment must be reversed, and there is no occasion to decide other questions presented by the record, as they are not likely to arise in a subsequent trial.

Judgment reversed, and the court is directed to grant a new trial.